Nash, C. J.
 

 The defendant pleads that he was heretofore tried and acquitted for the same offence. This is a bar to the indictment, if found to be true, and is founded upon the principle of the common law, that no one shall be brought into jeopardy of his life more than once for the same offence. And hence, says Justice Blackstone, it is allowed as a consequence, that when a man is once fairly found not guilty upon any indictment for any offence, before any Court having competent jurisdiction of the crime, hé may plead it as a bar to any subsequent accusation for the same crime. 4 Bl. Com., 335. In order, however, to the efficacy of the defence, it is necessary the first indictment should be such that
 
 he
 
 could have been convicted on it. The plea must aver that the person mentioned in the first indictment, is the same person as is mentioned in the second. The averment is as follows :
 
 “
 
 And the said J. S. in fact saith, that he, said J. S., and the said J. S. so indicted and acquitted, as last aforesaid, are one and the same person, and not other and different persons, <fcc.” Arch. Cr. PL 89. In an indictment under our Statute against retailing spirituous liquors by the small measure, without having a license so to do, it is necessary to set forth the name of the individual to whom the spirits were sold ; or that the indictment should aver, it was to some person unknown — as in the case before us. Now if the precedent in Mr. Archbold is correct, then a plea of
 
 autrefois acquit
 
 can never apply to a case where the indictment is framed as the one embraced in this plea is; because there is no one mentioned in it, with whom the trading was, and there can be no identity with tire defendant in the
 
 *122
 
 second. The case stated that the defendant was acquitted on the first trial;, because it was proved that the person unknown, to whom it was alleged that the spirits were sold, was John Smith. Upon the evidence, the defendant was rightly acquitted under the first indictment, because it did not support the averment. The person was not unknown, but known, and the propriety of that acquittal is not questioned.
 

 Does that verdict protect the defendant under the present charge ? The true criterion, by which the question is to be decided, is, whether, the evidence necessary to support the second indictment, would have been sufficient to convict the defendant on the first. What evidence was necessaiy to sustain the second indictment in this case"? That the spirits were sold to John Smith, as charged in the indictment — would that evidence have sustained the first? Certainly not; for the moment it was proved to whom it ivas sold, as we have already said, the charge in the first indictment was falsified, and the defendant entitled to his discharge. If an indictment charges a burglary, with an
 
 intent
 
 to commit a larceny, and does not charge an actual larceny, an acquittal on it is no bar to a subsequent indictment for the larceny, because the defendant could not have been convicted of the larceny upon the first.
 
 Rex
 
 v.
 
 Vandercomb,
 
 2 Leach, 716; 2 Hale, 245. But an acquittal on an indictment for murder is a •bar to a subsequent one for manslaughter; because the priosoner might have been convicted of it upon the first indictment. 2 Hale, 246. Foster 329. In the case of
 
 Vandercomb
 
 above referred to, Justice Buller, after reviewing all the cases upon the subject, lays down the rule as before stated:
 
 u
 
 These cases (he observes,) establish the principle, that unless the first indictment were such as the prisoner might have been convicted upon, by proof of the facts contained in the second indictment, an acquittal on the first can be no bar to the second. In the
 
 State
 
 v.
 
 Jesse,
 
 3 Dev. & Bat. 98, the above opinion of Justice Buller is stated as containing the law upon this subject. We conclude then, as the defendant could not have been convicted upon the first indictment, under the evidence necessary to support the present one, the plea of
 
 autrefois acquit
 
 ivas no bar to the latter, and that the State
 
 *123
 
 ■was entitled to judgment upon the special verdict. The judgment below is reversed. This opinion will be certified.
 

 Per Curiam. Judgment reversed.