STATE v. BROWN.

*Intoxicating Liquor. Former Acquittal. Evidence.*

An acquittal on complaint for selling intoxicating liquor, is a bar to a subsequent prosecution for the same offences put in issue in the former case.

And the testimony of counsel, as to their understanding of the grounds of such acquittal, is incompetent. The judgment of acquittal cannot be thus avoided nor impeached.

As to offences that might, but are not shown by the record nor otherwise to have been in issue in the former case, the judgment of acquittal is not a bar to a subsequent prosecution therefor.

All crimes are several, though committed by two persons acting jointly or in partnership. Thus, the conviction of two partners for selling intoxicating liquor, is a conviction of each.

THIS was a grand juror's complaint under s. 1, c. 94, of the Gen. Sts., appealed to the County Court. The complaint was dated August 25, 1876, and alleged a former conviction on March 4, 1876. Trial by jury, September Term, 1876, BARRETT, J., presiding.

The state introduced seven witnesses who testified that they each procured liquor of the respondent between May 25, and August 25, 1876 ; but four of them, on cross-examination, testified that on August 25, they were summoned before a justice of the peace, and testified to the same offences upon a grand juror's complaint against the respondent, and that the respondent was then acquitted. The state then introduced George W. Davenport as a witness, who testified that he was counsel for the prosecution on that trial, and understood that the respondent was then acquitted upon the ground that the prosecution neglected to inquire of the witnesses as to who furnished them the liquor that they testified they drank in the respondent's saloon, but that he then believed, and still believed, that the inquiry was made. To the admission of this evidence the respondent objected, but it was admitted, and the respondent excepted. The state then offered in evidence a certified copy of the record of a former conviction on

March 4, 1876, of the respondent and George L. Griswold, then partners doing business under the name of Brown & Griswold, for a violation of the provisions of c. 94 of the Gen. Sts., and proved that for more than a year next before August 11, 1876, Brown and Griswold were in partnership in business, and occupied the saloon thereafter occupied by Brown alone.

The respondent offered in evidence a certified copy of the record of his acquittal, on August 25, 1876, on a complaint under said statute, exhibited August 23, 1876 ; and requested the court to charge that the acquittal shown thereby was a bar to a conviction for the same offences tried and determined in that case, and for all offences for selling, furnishing, or giving away intoxicating liquor without authority, committed prior to the day of the exhibition of the complaint in that case ; and that the record of the former conviction of the respondent and Griswold was not evidence of a former conviction of the respondent. The court refused so to charge, but charged that the respondent should be found guilty of all the offences that the evidence proved that he committed between May 25 and August 25, 1876. To the refusal to charge as requested, and to the charge as given, the respondent excepted. Verdict of guilty of seven offences.

*L. M. Read*, for respondent, cited Gen. Sts. c. 94, ss. 37, 38, 39, and c. 111, s. 4 ; *State* v. *Haynes*, 35 Vt. 565 ; *State* v. *Nutt*, 28 Vt. 598.

———— ————, for the state, cited Gen. Sts. c. 94, ss. 37, 38 ; *Mattocks* v. *Bellamy*, 8 Vt. 463 ; *State* v. *Munger*, 15 Vt. 290 ; *State* v. *Paddock*, 24 Vt. 312 ; *Harris* v. *Holmes*, 30 Vt. 352 ; *State* v. *Haynes*, 35 Vt. 565 ; *Jenne* v. *Joslyn*, 41 Vt. 478 ; *Merrill, admr.* v. *Pinney*, 43 Vt. 605 ; *Chase* v. *School District*, 47 Vt. 524 ; 1 Chit. Crim. Law, 452 *et seq. ;* 2 Russ. Crimes, 38 *et seq. ; State* v. *Little*, 1 N. H. 257.

The opinion of the court was delivered by

Ross, J. I. The respondent was tried on the complaint of a town grand juror for violation of the statute regulating the sale

of intoxicating liquors.   On the same day this complaint was exhibited to the justice of the peace, the respondent was acquitted on a similar complaint exhibited to a justice of the peace two days before.   The respondent gave in evidence a certified copy of the record of this acquittal, and requested the court to hold that it was " a bar to a conviction for the same offences tried and determined in that case, and for all offences for selling, furnishing, or giving away intoxicating liquor without authority, committed prior to the day of the exhibition of the complaint in that case." On the trial in the case at bar, several of the witnesses had testified to the commission of the same offences by the respondent, to which they had given testimony in the prosecution in which the respondent was acquitted.   Hence, both portions of the request were applicable to the evidence in the case.   The court refused the entire request; and charged the jury that they should find the respondent guilty of all the offences established by the evidence. To this the respondent excepted.   We think the court erred in refusing the request so far as it related to the offences for which the respondent had been tried and acquitted.   A respondent is not to be put in jeopardy twice for the same offences, in prosecutions for violations of the statute regulating the sale of intoxicating liquors, more than for other offences against other criminal statutes.

The justice's judgment of acquittal, so long as it remained in force, concluded the state as well as the respondent in regard to all offences therein put in issue.   It matters not whether the acquittal resulted from the failure of the prosecuting attorney to produce proper testimony to connect the respondent with the offences testified to by the witnesses, or from the failure of the triers to give due force and weight to the evidence produced.

It was also error for the court to receive the evidence of the counsel who conducted the prosecution, as to what he understood were the grounds on which the respondent was acquitted.   The grounds of the acquittal were immaterial; the *understanding* of the counsel of those grounds, more so.   The judgment of acquittal, when given in evidence in another proceeding, though between the same parties, could not be avoided or impeached.   As the

exceptions in connection with the verdict enable this court to separate the four offences involved in the judgment of acquittal from the other offences for which the respondent has been found guilty by the jury, and as the prosecution of the respondent for these offences is conclusively barred by the judgment of acquittal, it is not necessary to remand the case for a re-trial on these offences.

II. The other three offences of which the jury found the respondent guilty, might have been put in issue under the complaint on which he was acquitted, but they were not. The judgment of acquittal therefore does not conclude or bar the state from prosecuting respondent for these offences. The form of the complaint is prescribed by the statute; and it does not specifically set forth the date of the alleged sales, furnishing, or giving away of intoxicating liquor, nor the names of the persons to whom they were made. The respondent can ascertain these only by requiring the prosecution to furnish him a specification. Where this is furnished, it shows what offences were included in the judgment. When no specification is required nor furnished, the offences for which the respondent was tried can only be shown by parol; and a prior judgment will be conclusive of only such offences as were therein put in issue by the evidence. By the statute (Gen. Sts. c. 94, ss. 37, 38, 39), a plea of guilty by the respondent bars a subsequent prosecution of only such offences as are specified in the complaint, or by the respondent in his plea. Hence, we think the County Court correctly refused to hold that the judgment of acquittal barred all offences committed prior to the day on which the complaint in that prosecution was exhibited, and which were not in issue in that prosecution.

III. The prior conviction of the respondent and his partner Griswold, for a violation of the same statute, was a conviction of both and each, as all crimes are several, though committed by two persons acting jointly or in partnership. Hence, the record of that conviction was conclusive evidence of a former conviction of the respondent for the same offence, and determines that the three offences of which the jury have properly found the respondent

guilty, are second offences under the statute. The result is that the respondent's exceptions are sustained as to four of the offences, and are overruled as to the other three offences; and the respondent is adjudged guilty on the verdict of three second offences, and sentenced to pay a fine of $60 and costs of prosecution, and to stand committed till the sentence is complied with.