THE STATE v. STERRENBERG.

1. **Criminal Law:** INTOXICATING LIQUORS: FORMER ACQUITTAL. Where defendant had been acquitted upon an information before a justice of the peace, charging him with selling whiskey and stomach bitters on or about the first day of August, 1884, and the trial proceeded upon the understanding that it included all offenses for sales of intoxicating liquor up to and including said August first, *held* that, on a second information charging the sale of an intoxicating mixture called "dandelion bitters," it was error to allow evidence of any sales of such mixture during the time covered by the first information, and to instruct the jury that a prosecution for such sales was not barred by the former acquittal.

*Appeal from Hardin District Court.*

THURSDAY, OCTOBER 14.

ON the twentieth day of August, 1884, the defendant was convicted, before a justice of the peace, under an information which charged him with the crime of selling whisky, alcohol, and mixed liquors called "Dandelion Bitters," in violation of law. A judgment of a fine was rendered, and the defendant appealed to the district court. A trial was there had, which resulted in a verdict against the defendant, and a judgment on the verdict, and he now appeals to this court.

*Huff & Pillsbury*, for appellant.

*A. J. Baker, Attorney-general,* for the State.

ADAMS, CH. J.—The defendant entered a plea of not guilty, and also a plea of former acquittal. The latter plea showed that on the fourth day of August, 1884, the defendant was tried before one Block, a justice of the peace, under an information charging the same offense, and was acquitted. The evidence, however, showed that the information under which the defendant was tried before Justice Block charged

him only with selling whisky and stomach bitters, and the
time laid was on or about the first day of August, 1884.
The parties stipulated that the trial before Justice Block on
the fourth day of August, 1884, included all offenses for
sales of intoxicating liquor up to and including August 1,
1884, and it is not denied that on that trial the defendant
was acquitted. The state, however, was allowed to prove in
the present action, against the objections of the defendant,
the sales of dandelion bitters during the months of June and
July previous. The court also gave an instruction in these
words: "You are instructed, as a matter of law, that the
former acquittal is not a bar to this prosecution; and, if you
find from the evidence, beyond a reasonable doubt, that the
defendant, at any time within one year next before August
4, 1884, sold to John Deemer any dandelion bitters in this
county, and, by the same degree of proof, that such dandelion
bitters were intoxicating, that they were capable of being
used and were sold to be drank as a beverage, he is guilty of
the charge, and you should so say in your verdict."

In allowing evidence of the sales of dandelion bitters dur-
ing the time covered by the former information, and in giv-
ing the instruction above set out, the court evidently pro-
ceeded upon the theory that dandelion bitters were not stom-
ach bitters within the meaning of the former information.
But the evidence, we think, shows that the names " stomach
bitters" and " dandelion bitters " do not have very precise
meanings. With what propriety the name "stomach bitters"
could be applied to a mixture containing dandelion does not
very clearly appear, nor is it necessary to determine. We
regard the matter, so far as this case is concerned, controlled
by the stipulation above set out. The former trial was
understood as including all offenses for sales of intoxicating
liquors. It must, then, have been understood as including
all offenses for the sale of dandelion bitters, where the same
contained such an amount of intoxicating liquor that the
sale constituted an offense, and it must, we think, have been

understood that evidence of such offenses was admissible under the charge of sales of stomach bitters. If the state, in the former trial, put so broad a construction upon the words "stomach bitters," and was allowed to proceed under such construction, it seems to us that the state cannot now properly be allowed to deny the correctness of its own construction, and proceed to try the defendant over again for offenses for which there was an attempt to convict him, but of which he was acquitted.

In our opinion, then, the court erred in allowing evidence of sales of dandelion bitters during the time covered by the former information.

REVERSED.