# Olmstead *v.* The State.

*Indictment for Illegal Sale of Liquor.*

1. *Sufficiency of evidence as to particular offense.*—Under an indictment for selling spirituous, vinous or malt liquors without a license and contrary to law (Code, §§ 4036–7), a conviction may be had on the testimony of a witness who states that frequently, during every month of the year, he bought beer from the defendant, and drank it on the premises, though he does not particularize any one day, or any one purchase.

FROM the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

The defendant, Percy Olmstead, was indicted, tried and convicted for selling spirituous, vinous or malt liquors, without a license, and contrary to law. The facts of the case, and the rulings of the court, are shown in the opinion. The second charge referred to therein, to the refusal of which by the court the defendant duly excepted, is as follows : "If the evidence in this case is so vague and uncertain, as to any particular sale made by the defendant, that, in case he should be convicted, he could not plead the same in bar of another indictment charging the offense here charged, then the jury should acquit the defendant."

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—Appellant was convicted under an indictment which charged him with selling vinous, spirituous or malt liquors without a license and contrary to law. The evidence was that of one witness to the effect that he had often, within twelve months before the finding of the indictment, bought a quart of beer from the defendant at the latter's place of business in Anniston, and drank it on the premises; that he could not recall any particular time that he made such a purchase, or who was present, though he usually went there with a friend, but that he had made such purchases during every month in the year, and did not remember about any particular sale, and that he did not and had not testified to any particular sale, but he remembered that he had so bought beer which he drank on the premises at some one time within twelve months before the finding of the indictment. At defendant's

[Olmstead v. The State.]

request the court charged the jury that  " .   .   .   .   if the
evidence is so uncertain that the jury can not find beyond a
reasonable doubt, a particular sale by the defendant, they must
acquit the defendant." Having given this charge, the court
further told the jury, by way of explanation, that: "If they
believe from the evidence that the defendant sold beer within
twelve months before the finding of the indictment, this would
be such a particular sale as would authorize a verdict of guilty."
A reference of this charge to the evidence cures its infirmity
resulting from its omission to confine the sale to a quantity
less than one quart, or to liquor drank on the premises.   The
charge is otherwise correct in itself.   While the evidence is
not limited to any one sale, yet if believed by the jury, it
showed at least one sale within the year; and the statute pro-
vides that, under this indictment, "any act of retailing in vio-
lation of law may be proved."—Code, § 4037; and the charge
was not objectionable on the score of being in explanation of
the instruction given at defendant's request.—*Barnard v.
State*, 88 Ala. 111.

The other charge requested by the defendant would have
led the jury to the conclusion that no conviction could be
had unless a particular sale was so identified as to time, place
and circumstances as that, upon another indictment, it could
be shown, under a plea of former conviction, to be identical
with that here charged.   This is not essential.   If a sale within
the time of the statute was proved, it is of no consequence,
that it is not so identified on this trial as that on another, by
the mere reproduction of the evidence adduced here, it would
be shown to be the same transaction, or even that the specifi-
cation of the act here should be such as to admit of identity
being shown by evidence *aliunde* on another indictment.   The
charge was properly refused as misleading and confusing.   If
defendant should be again indicted, no conviction could be had
on evidence that he sold a quart of beer to this witness, the
same being drunk on the premises, at any time within a year
before the finding of the present indictment.   This is the
broadest protection to him; and demonstrates the fallacy of
the charge requested.—*State v. Sterrenberg*, 69 Iowa, 544;
*State v. Nunnelly*, 43 Ark. 68.

Affirmed.