STATE *v.* FRANK PIANFETTI.

May Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, POWERS, and MILES, JJ.

Opinion filed November 3, 1906.

*Criminal Law—Illegal Sale of Liquor—Former Conviction—*
*Burden of Proof—Respondent's Right to Plead Over—*

*Former Jeopardy—Conviction on Only One of Several Counts—Effect, in New Trial on Reversal.*

Where, in a criminal prosecution, the respondent relies upon a plea of a former conviction for the same offence, the burden is on him not only to prove by the record a former conviction, but to establish the identity of the parties and the offences; and failing that, a verdict is properly ordered against him on that issue.

The general rule that, in a criminal prosecution where the respondent relies upon a plea of a former conviction for the same offence, if the same evidence required to support the crime charged in the one case will warrant a conviction in the other, the identity of the offences is established, does not apply in prosecutions for offences which by their nature are capable of repetition, each specific act being a distinct offence, as the illegal selling of intoxicating liquor. In prosecutions for such crimes, no presumption of identity will arise from the fact that evidence sufficient to convict under one will warrant a conviction under the other.

In any criminal prosecution, if the respondent's plea of a former conviction for the same offence is determined against him, he is entitled to plead over.

The conviction of a respondent on one count of an indictment or information containing several counts, is not an acquittal on the other counts, so as to bar further prosecution thereunder when the case is remanded for a new trial on reversal.

*State* v. *Kittle*, 2 Tyl. 471, overruled.

Where, in a prosecution under an information in six counts charging illegal sales of intoxicating liquor on different dates, the respondent was convicted of one offence only, but the verdict neither revealed which offence nor under which count, and the judgment on that verdict was reversed by the Supreme Court and the case remanded for a new trial, the verdict and any implied acquittal incident thereto fell together, and left the information standing as though there had been no trial.

INFORMATION containing six counts charging the illegal sale of intoxicating liquor on different dates, and two counts charging illegal keeping for sale on different dates, all in violation of No. 90, Acts 1902. Pleas, not guilty, and a special

plea of a former conviction of the same offences. Trial by jury on issue joined on said special plea, at the December Term, 1905, Caledonia County, *Watson,* J., presiding. Verdict ordered, *pro forma,* against the respondent on the issue raised by his special plea of a former conviction. The respondent then claimed the right to a trial on his plea of not guilty, which was denied, and the court then, without further hearing, entered judgment in chief against the respondent, all strictly *pro forma.* The respondent excepted. The opinion fully states the case. See 78 Vt. 97.

*Taylor & Dutton* for the respondent.

The court erred in ordering a verdict against the respondent on the issue raised by his plea of a former conviction. Note to *Roberts* v. *State,* 58 Am. Dec. 547; 1 Bishop's Criminal Procedure, §816; *Quitzow* v. *State,* 1 Tex. Ct. App. 47; Wharton's Pl. & Pr., 421.

The court erred in rendering judgment in chief against the respondent. (1) Because the respondent was entitled to go to the jury on his plea of not guilty. *Lee* v. *State,* 26 Ark. 260; 1 Wharton's Crim. Law, §§568, 572; Clark's Criminal Procedure, 406 and cases cited in n. 241; 12 Cyc. 362 and n. 29; 12 Cyc. 371 and n. 11; 9 Am. & Eng. Enc. Pl. & Pr., 641 and n. 2. (2) Because the former verdict was equivalent to a verdict of not guilty as to every count, except one for selling. *State* v. *Kittle,* 2 Tyler 471; *Campbell* v. *State,* 9 Yerger 333, 30 Am. Dec. 417; *Bell* v. *State,* 48 Ala. 684; Beale's Crim. Pl. & Pr. 76; *Kring* v. *Missouri,* 107 U. S. 234; 1 Wharton's Crim. Law, §553; 12 Cyc. 267 and cases there cited in n. 65; 3 Roscoe's Crim. Ev., 617; Wharton's Crim. Pl. & Pr. 740; *Edgerton* v. *Com.,* 5 Allen 514.

The former verdict was a bar to a prosecution for any offence committed within three years from the date of the filing of the indictment. *State* v. *Nutt*, 28 Vt. 598; *State* v. *Haynes*, 35 Vt. 565; *Com.* v. *Robinson*, 126 Mass. 259; *State* v. *Sterrenbery*, 69 Iowa 544.

The identity of the offences is established, if the same evidence required to support a conviction of the one would be sufficient to warrant a conviction of the other. *Dinkey* v. *Com.*, 17 Pa. St. 126; *Dominick* v. *State*, 40 Ala. 680; *State* v. *Johnson*, 12 Ala. 840; *Durham* v. *People*, 4 Scammon (Ill.) 172; *Com.* v. *Roby*, 12 Pick. 496; *Morley* v. *Com.*, 108 Mass. 433; 3 Rice, Ev. 613; *Com.* v. *Davis*, 11 Pick. 432; *Com.* v. *Cain*, 14 Gray 9; Note to *Roberts* v. *State*, 58 Am. Dec. 536; Note to *People* v. *McDaniels*, 92 Am. St. Rep. 89.

*Guy W. Hill*, State's Attorney, and *Elisha May* for the State.

Upon his plea of a former conviction, the burden was on the respondent. *The King* v. *Roche*, 1 Leach (4th ed.) 135; 1 Bishop, Cr. Pr., §§436, 578; *Com.* v. *Merrill*, 8 Allen 545.

The legal effect of the record of the former conviction was a question for the court. *State* v. *Haynes*, 36 Vt. 667; 1 Bishop, Cr. Pr., §582; *Martha* v. *State*, 26 Ala. 72.

"Whenever a man pleads a fact which he knows to be false, and decision be against him, the judgment ought to be final; for every man must be presumed to know whether his plea be true or false in matter of fact; but upon demurrer to a plea in abatement, there shall be a *respondeat ouster;* because every man shall not be presumed to know the matter of law, which he leaves to the judgment of the court." 1 Bishop, Cr. Pr., §439; 1 Chitty Cr. Law, 451; *State* v. *Allen*, 1 Ala. 442;

*Com.* v. *Carr,* 114 Mass. 280; *State* v. *Inness,* 53 Me. 536; *Com.* v. *Roby,* 12 Pick. 496.

POWERS, J.   Pianfetti and another were convicted at the December Term, 1904, of Caledonia County Court under No. 90, Acts of 1902, of one offence of illegal liquor selling.   The information on which they were tried contained six counts charging illegal sales on May 20, 21, 22, 23, 24, and June 1, 1904, respectively, and two counts charging illegal keeping for sale on January 1 and June 1, 1904, respectively.   Many witnesses testified at the trial to unlawful sales, and there was nothing in the verdict to identify the particular offence of which they were convicted or to indicate the particular count under which the conviction was had.   The judgment entered on this verdict was reversed by this Court at its October Term, 1905, and the case was remanded for a new trial.   *State* v. *Barr, et al.,* 78 Vt. 97.

In the meantime, at the June Term, 1905, of Caledonia County Court, Pianfetti was indicted for illegal selling.   The indictment contained four counts charging illegal sales on February 1, 10, 15, and April 1, 1905, respectively, and the last count charged illegal sales at divers times.   To this indictment Pianfetti pleaded guilty to two offences, and paid the fine imposed by the court.   There was nothing in the plea, and there is nothing in the record of that case to identify the offence or the count in the indictment to which the plea referred.

The case against Barr and Pianfetti came on for its second trial at the December Term of said court, and separate trials were granted to the respondents.   Pianfetti pleaded not guilty and a special plea of former conviction of the same offences in bar.   Issue was joined on the special plea, and a jury

trial ordered and had thereon. The respondent introduced the record of his conviction under his plea of guilty as above set forth, with evidence tending to identify himself as the respondent in such former case, and rested.

Thereupon, upon motion of the state's attorney, the court ordered a verdict against the respondent on the issue raised by the special plea, for want of evidence tending to establish the identity of the offences charged in the two prosecutions. To which the respondent excepted.

The respondent then claimed the right to a trial on his plea of not guilty. This claim was denied, and the respondent excepted. The court then, without further hearing, rendered judgment in chief against the respondent for one offence of illegal selling. To this the respondent excepted. All these rulings of the court were *pro forma*.

I.   Under the special plea, the burden was on the respondent, not only to prove by the record a former conviction, but to establish the identity of the parties and the offences. I Bish. Cr. Pr. §816. To make the defence therein set up effectual, the offence of which the respondent stands convicted must be the same both in law and in fact with the one on trial. *State* v. *Jangraw,* 61 Vt. 39. And this the respondent must establish. Indeed, this is not here disputed; but the respondent insists that the record itself makes a *prima facie* case of identity in this respect, and invokes the rule that if the same evidence required to support this prosecution would have warranted a conviction in the other, identity of offences is established. This test is frequently applied and is sanctioned by many authorities. But it is held that in prosecutions of offences which from their nature are capable of repetition, (and, it might be added, in common experience are usually many

times repeated), each separate act being a distinct and substantive offence, this test is not applicable, and that no presumption of identity will arise from the fact that evidence sufficient to convict under one would warrant a conviction under the other.    In such cases, the respondent must show affirmatively, by proof outside the record, that the offences are one and the same.    Thus in *Rocco* v. *State,* 37 Miss. 357, the respondent was charged with illegally selling liquor to John Hobart.    He pleaded in·bar a former conviction on the charge of illegally selling liquor to John Smith and divers other persons.    He claimed that inasmuch as he might have been convicted in the former case of selling to John Hobart, he was entitled to the benefit of the presumption that the conviction was for that offence.    But the Court held that the charge being of an offence capable of repetition, each of which would constitute an offence, there was no presumption of identity.

.    In *Emerson* v. *State,* 43 Ark. 372, the respondent was charged with selling liquor to a certain minor in December, 1883.    He pleaded in bar a former conviction under an indictment for selling to the same minor in September, 1883.    He put in the record of his conviction with proof of the identity of the minor named, and asked the court to rule that this made out a bar, which the trial court declined to do.    In affirming this ruling, it was held that the record did not raise a presumption of identity, and that the test above stated did not apply.

In *State* v. *Andrews,* 27 Mo. 267,—a prosecution for selling liquor without a license with a plea of former conviction for the same offence—it is said that it was incumbent on the respondent not only to produce the record of the former conviction, but to show by testimony that he had been previously tried for identically the same offence as the one for which he

was then prosecuted; and that it was not sufficient to show that the evidence offered on the last trial would have supported the first indictment.

In *State* v. *Blahut*, 48 Ark. 34, the respondent was charged with selling liquor to Nick Gray, a minor, on January 15, 1886. He pleaded in bar a conviction under an indictment charging him with selling to the same minor on February 15, 1886. It was held that the conviction was no bar without proof of the identity of the offences charged.

*State* v. *Shafer*, 20 Kan. 226, opinion by Judge Brewer, is to the same effect. Two complaints were filed charging the respondent with selling liquor without a license to the same person, at the same place, but on different days,—one August 22, the other August 27. The complaints were in all respects alike except in the statement of the time of the commission of the offence. The respondent pleaded guilty of the first charge and paid a fine. He then pleaded that conviction in bar of the second charge. It was held that the two charges being *prima facie* for different offences, one would not bar the other without proof *aliunde* that the same transaction was complained of in the two actions. *State* v. *Sinell*, 131 N. Y. 571, holds that since each act of selling without a license constitutes a separate offence, the acquittal of a respondent on a charge of selling on and after a certain date is no bar to an indictment for a sale made prior to the transaction to which the record of acquittal relates. The views of our own Court on this question, it must be admitted, have not been at all times altogether clear.

*State* v. *Ainsworth*, 11 Vt. 91, is in full accord with the foregoing cases. It was an information in eleven counts charging the respondent with having sold to eleven different persons named, intoxicating liquors by small measure. Under the plea of not guilty the respondent offered to prove that he

had, at the previous term of court, been convicted of selling
by small measure to divers persons named.   But it appearing
that none .of the persons named in that indictment were the
same as those specified in the information on trial, the court
held that the conviction was no bar, and rejected the evidence.
In sustaining this ruling, the Court, after alluding to the fact
that each act of selling was a distinct offence, said:   "When
a man is shown guilty of an offence, he may defend himself by
the plea of *autrefois convict,* as was attempted in this case.
To sustain this defence, the respondent must show that he has
been legally convicted of the *same* offence for which he is now
prosecuted.   To this end, he must produce the record of con-
viction, and must then produce substantive testimony to show
the jury that it was identically the same offence as the one for
which he is now prosecuted.   In this case the respondent was
shown guilty of a certain act of selling.   He showed a convic-
tion of an act of selling, which conviction was after the one
now proved, but he offered no testimony tending to show it
was the same act.   The former indictment was for an act of
selling alleged to be to a different person.   This tended to show
it was a different act.   The respondent seemed to insist that
if the offence was committed before the former indictment,
that was a bar.   The court very correctly decided the law to
be otherwise, and, most clearly, the respondent did not show
that the offence, for which he was convicted, was the same as
that now shown against him."   It is true that the Court, in
this opinion, makes some account of the fact that the persons
sold to are named in the charges, and appear to be different in
the two.   But the rule adopted is the rule of the cases above
cited, and we should regard it as full authority for the dis-
position of the question now under consideration were .it not

for the fact that the judges have seemed to be somewhat uncertain as to its proper scope and effect.

In *State* v. *Smith,* 22 Vt. 74, which was an indictment for selling containing three counts, the State was allowed to give evidence tending to prove sales exceeding in number the counts in the indictment. In Supreme Court it was urged in behalf of the respondent that this action of the trial court was error, because on conviction, the record could not be pleaded in bar. In disposing of this proposition, Judge BENNETT proceeds at some length to show *arguendo* that the conviction should be held to be, *prima facie,* a bar to a prior offence. He even says that there is not in *State* v. *Ainsworth* anything at variance with this idea.

In *State* v. *Nutt,* 28 Vt. 598, it is held that a conviction of being a common seller was a bar to a prosecution for individual sales made prior to the filing of the complaint. But Judge BENNETT says in the opinion, "This is not like the case where the conviction relied upon in bar, was for an individual act of sale."

In *State* v. *Haynes,* 35 Vt. at p. 567, it is said by Judge ALDIS: "By the practice before this statute was passed (No. 3, Acts of 1855) it was held that a conviction on a plea of guilty upon an indictment for selling liquor, was a bar to any subsequent prosecution for any offence committed prior to the finding of the indictment." From the fact that no case is cited, nor is any to be found, wherein this question has been so decided, we infer that the practice referred to was one which had obtained in the trial courts only.

It is to be observed that the point now under consideration was not up for determination in these last three cases, and notwithstanding the *dicta* referred to we regard *State* v. *Ains-*

*worth* sound in principle and application and a correct state-
ment of the law.

That a conviction or acquittal only bars such offences as
were put in issue on the former trial is abundantly shown by
*State* v. *Brown,* 49 Vt. 437. In that case the respondent of-
fered in evidence a certified copy of the record of his acquittal,
and requested the court to charge that the acquittal shown
thereby was a bar to a conviction for the same offence as tried
and determined in that case, and for all offences committed
prior to the day of the exhibition of the complaint in that case.
It was held that the acquittal barred all the offences put in
issue in the former case, but did not bar such offences as might
have been, but were not shown by the record or otherwise to
have been put in issue in the former case.

The record being no evidence of the identity of the offence,
there was nothing to leave to the jury under the special plea,
and there was no error in directing a verdict thereon. How-
ever it might be if the question were whether or not
the court could legally order a verdict of guilty, no good reason
exists why on a preliminary issue like this, not in any wise
involving the question of the guilt of the accused, any differ-
ent rule should obtain than in a civil case similarly situated.
One of the essential elements of that defence being entirely
unsupported by evidence, it was as if no evidence at all had
been offered under the plea, in which case a submission to the
jury would have been unnecessary. *Johnson* v. *State,* 34 Tex.
Cr. Rep. 115.

II. It is urged that the conviction of one offence on the
first trial was, in legal effect, an acquittal on all the counts in
the information save one, and as there is nothing in the record
to show which count the conviction was on, or to which the
implied acquittal is to apply, there is nothing left on which

the court could proceed to trial at all. The proposition that a conviction on one count only of an information or indictment containing several is in law an acquittal on the others is supported by many authorities. In *State* v. *Kittle, et al.,* 2 Tyl. 471, the respondents were tried on an indictment containing four counts. The jury rendered a verdict of guilty on the fourth count only, and they appealed. The court thereupon required them to plead to the fourth count only, evidently treating the conviction below as an acquittal on the other three counts,—on the charges contained in which the respondents should not again be put in jeopardy. There are cases, however, which hold the verdict to be entire and allow a retrial upon the whole case if it is set aside. *State* v. *Stanton,* 23 N. C. 424; *State* v. *Comrs.,* 3 Hill (S. C.) 239. We held in *State* v. *Bradley,* 67 Vt. 465, that one accused of murder in the first degree and convicted of murder in the second degree, could, upon reversal, be retried on the original charge. The reasoning of that case is equally applicable to the case in hand, and is conclusively against the soundness of the Kittle case; and, though it is necessary to overrule the Kittle case to do so, we hold that the former verdict and the implied acquittal incident thereto fell together upon reversal, and left the information to stand as though there had been no trial.

III. Was the respondent entitled to a trial on his plea of not guilty?

At common law a respondent was allowed to plead over in cases of felony, only. But this rule, originally adopted *in favorem vitae,* did not extend to misdemeanors. 1 Chit. Crim. Law, *461, and cases.

In this country the holdings are not uniform. In 1 Bish. Cr. Pro. §755, the rule is stated to be that when the issue on the special plea becomes one of law, and it is decided against

the respondent, he is allowed to plead over in misdemeanors as well as felonies. But when the issue becomes one of fact, and is decided against the respondent, in misdemeanors it amounts to a conviction, and the court proceeds to fix the penalty. The reason for this distinction is said to be that the respondent is supposed to know the facts, and if such an issue is found against him, the judgment should be final on account of the falsehood. But since a respondent is not presumed to know the law, the determination of such an issue against him should not prejudice his rights, and judgment should be a *respondeat ouster. Barge* v. *Com.,* 3 Pen. & W. (Pa.) 262.

On the other hand, in Wharton's Cr. Pl. & Pr. (9th ed.) §486, it is said that when the plea of *autrefois acquit* or *convict* is determined against a respondent, in this country, in most cases, he is allowed to plead over, and to have his trial for the offence itself,—no note being made of the distinction above referred to. This proposition is laid down in May's Cr. L. §122 and 12 Cyc. 377, and is frequently said to be supported by the great weight of American authorities. The fact is that each of the rules referred to is supported by cases, and an examination of the authorities cited in support of the rule last stated shows that the text writers have in many instances failed to make note of the fact that the issue made in the case was one of law,—many of them being demurrers to the special plea. *McFarland* v. *State,* 68 Wis. 400, is a vigorous authority for allowing the respondent to plead over. And in addition to the reasons there given in support of such procedure, it may be suggested that there is no more reason in drawing a conclusive presumption of guilt from the respondent's mis-statement of fact in his plea, than from such mis-statement in his evidence. We regard this rule as more consistent with the theory of the rights of the accused and we adopt it as the

law of this Court, and hold that the respondent should have been granted a trial on his plea of not guilty.

*The pro forma judgment is reversed, verdict set aside, and cause remanded.*