### STATE v. STERLING FREEMAN.

(Filed 26 March, 1913.)

**Intoxicating Liquor—Pleas—Former Conviction—"Same Offense."**

The defendant was indicted for selling one pint of spirituous liquor, contrary to our statute, on 15 November. It was admitted on the trial that he had been acquitted at a prior term of selling one pint of spirituous liquor charged to have been made to the same person within two months of the time charged in the second indictment. The evidence on behalf of the State tended to show that the defendant continuously for several months procured liquor for the witness, for which he received payment, and that it was obtained locally. Upon cross-examination this witness testified that he had given the same evidence against the defendant on the former trial, as he was then testifying to, and that he could not remember the exact date of any particular sale: *Held*, (1) the allegation as to the time of sale is immaterial, and the accused may be convicted upon proof of an unlawful sale to the person named at any time within two years prior to the finding of the presentment, etc.; (2) while the burden is on the defendant to sustain his plea of a former acquittal by the preponderance of the evidence, he may rely on the State's evidence for this purpose; (3) it was for the jury to

decide, under this evidence and by its preponderance, if the offense charged was the same as that of which the defendant had formerly been acquitted, and if it was, the defendant should be. acquitted. Seven principles of law applicable to the defense of former acquittal laid down, and the meaning of the term, "same offense," discussed by ALLEN, J.

CLARK, C. J., dissenting.

APPEAL by defendant from *Cooke, J.,* at the Spring Term, 1912, of FRANKLIN.

The defendant is indicted for selling one pint of spirituous liquor on or about 15 November, 1911, to B. H. Meadows.

It was admitted on the trial that the defendant had been acquitted at a prior term of court upon an indictment for selling one pint of spirituous liquor to B. H. Meadows on or about 5 December, 1911.

B. H. Meadows, witness for the State, and the only witness examined, testified "that he knew the defendant, Sterling Freeman; that they worked at the same livery stable during the fall of 1910 and the spring of 1911; that the defendant would frequently, at request of witness, go out and buy a bottle of whiskey for witness; that he would give him the money and defendant would bring him back the bottle of whiskey; that he did not know where defendant got the whiskey; that this continued the whole time they worked together at the stable; that it was. almost an everyday occurrence; that witness did not know of the source from which defendant secured the whiskey."

On cross-examination he stated "that he was a witness at last January court against defendant, when the defendant was acquitted; that he testified to the same state of facts at that time that he testified in this trial; that he cannot remember the exact date of any particular sale, but that the defendant, a colored man, usually drank out of the same bottle with the witness."

The defendant asked the court to charge that if the defendant was tried at January term of this court upon the same state of facts as at this term, that his plea of former trial and acquittal was good.

The court refused to give this charge, and defendant excepted.

There was a verdict of guilty, and from the judgment pronounced thereon, the defendant appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*W. M. Person for defendant.*

ALLEN, J. A single question is presented by this appeal, and that is as to the right of the defendant to have the instruction prayed for given upon the plea of former acquittal. There are certain principles bearing upon this question upon which there is no difference of opinion:

1. That a person cannot be tried twice for the same offense.

2. That the offenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proven in the trial of the other, although some of the same acts may be necessary to be proven in the trial of each.

3. That if the violation of law is not continuous in its nature, separate indictments may be maintained for each violation, and under indictment for selling intoxicating liquors one may be prosecuted and convicted for each separate sale made to the same person and whether made on the same or different days.

4. That upon the trial of such indictment, the State may offer evidence of more than one sale to the same person, and the defendant cannot compel an election, and that it is within the discretion of the court to deny or allow the motion to elect.

5. That the allegation in the indictment as to the time of sale is immaterial, and a conviction may be sustained upon proof of a sale to the person named at any time within two years prior to the finding of the presentment, if there is one, and if not, then within two years prior to the finding of the indictment.

6. That the burden is on the defendant to sustain his plea of former acquittal or former conviction by the preponderance of the evidence.

7. That the defendant may introduce evidence to prove his plea, or he may rely on the evidence introduced by the State.

. The point of divergence is as to the meaning of the term, "same offense," and as to what must be proven to sustain the plea.

"The true criterion," said *Nash, J.,* in *S. v. Birmingham,* 44 N. C., 122, "by which the question is to be decided is, whether the evidence necessary to support the second indictment would have been sufficient to convict the defendant on the first," and *Ruffin, J.,* says, in *S. v. Nash,* 86 N. C., 651: "The true test is as stated in *Rex v. Vandercomb.* Could the defendant have been convicted upon the first indictment upon proof of the fact, not as brought forward in evidence, but as alleged in the record of the second?"

This principle is quoted by *Justice Walker* in *S. v. Hawkins,* 136 N. C., 622, and he proceeds to show that it unjustly restricts the rights of the defendant. He says: "The true principle by which to test the sufficiency of the plea of former acquittal as a bar is said to be this: Unless the first indictment was such as the defendant might have been convicted upon it by proof of facts contained in the second, an acquittal on the first can be no bar to the second. *Rex v. Vandercomb,* 2 Leach, 716; *S. v. Birmingham,* 44 N. C., 120; *S. v. Williams,* 94 N. C., 891. This statement of the principle (which was taken from the opinion of *Justice Buller* in *Rex v. Vandercomb*) has, we think, been justly criticised, as it may exclude the right of the defendant, by proof of facts other than those alleged in the second indictment, to show the identity of the two offenses, and it has been suggested that the rule should be that, unless the evidence as brought forward to prove the allegations of the second indictment would be sufficient to convict upon the first, the plea of former acquittal or conviction should not avail the defendant (*S. v. Nash,* 86 N. C., at p. 656), but this would not remove the fault unless the rule is further extended so as, in terms, to include the right of the defendant to prove the identity of the offenses charged in the two indictments, which might otherwise appear to be different. In order to support a .

plea of former acquittal, it is not always sufficient that the two prosecutions shall grow out of the same transactions; but they must be for the same offense, the same both in law and fact."

In 12 Cyc., 280, the author says that "a test almost universally applied to determine the identity of the offenses is to ascertain the identity in character and effect of the evidence in both cases."

If we adopt either rule, the defendant was entitled to the instruction prayed for.

Tested by the first, and keeping in mind, as said in *S. v. White,* 146 N. C., 609, "that the date charged in the bill is immaterial," and that each indictment charges the sale of one pint of spirituous liquor to B. H. Meadows, it cannot be questioned that "the evidence necessary to support the second indictment would have been sufficient to convict the defendant on the first."

Tested by the second, which requires identity of the offense "in law and in fact," or by the third, which requires identity of evidence, and the same result follows, as the law was the same under both indictments, the indictments identical and the only witness introduced by the State said, "that he testified to the same state of facts at that time (the former trial) as he testified in this trial."

It may be that the defendant is guilty of one hundred violations of law. If so, he ought to have been convicted on the first trial, but in fact only one transaction was proven, as the witness for the State testified that he could not remember the date of any sale.

The State has had the advantage of offering all the evidence in its possession against the defendant, has not been required to give dates of sales so that the defendant might be able to defend, and this evidence has been passed upon by twelve "good and lawful men," and the State ought not now to be permitted to try the same defendant on another indictment charging the same offense and on the same evidence.

The case of *Olmstead v. State,* 92 Ala., 64, is so much like this that we quote from it at some length: "Appellant was con-

S. v. FREEMAN.

victed under an indictment which charged him with selling
vinous, spirituous, and malt liquors without a license and con-
trary to law. The evidence was that of one witness, to the
effect that he had often, within twelve months before the find-
ing of the indictment, bought a quart of beer from the defendant
at the latter's place of business in Anniston, and drank it on
the premises; that he could not recall any particular time that
he made such a purchase, or who was present, though he usually
went there with a friend, but that he had made such purchases
during every month in the year, and did not remember about
any particular sale, and that he did not and had not testified
to any particular sale, but he remembered that he had so bought
beer, which he drank on the premises, at some one time within
twelve months before the finding of the indictment. At de-
fendant's request, the court charged the jury that 'if the evi-
dence is so uncertain that the jury cannot find beyond a reason-
able doubt a particular sale by the defendant, they must acquit
the defendant.' Having given this charge, the court further
told the jury, by way of explanation, that 'If they believed from
the evidence that the defendant sold beer within twelve months
before the finding of this indictment, this would be such a
particular sale as would authorize a verdict of guilty,' " and the
Court, among other things, said: "While the evidence is not
limited to any one sale, yet if believed by the jury, it showed
at least one sale, within the year. . . . If defendant should
be again indicted, no conviction could be had on evidence that
he sold a quart of beer to this witness, the same being drunk on
the premises, at any time within a year before the finding of
the present indictment. This is the broadest protection to him,
and demonstrates the fallacy of the charge requested. *S. v.
Sterrenberg,* 69 Iowa, 544; *S. v. Nunnelly,* 43 Ark., 68."

In the *Pienfetti case,* 79 Vt., 236, there were six counts in
the first indictment, charging illegal sales on 20, 21, 22, 23, 24
May, 1904, and on 1 June, 1904, and two counts charging keep-
ing for sale on 1 January and 1 June, 1904.

In the second indictment there were four counts charging
illegal sale on 1, 10, 15 February and 1 April, 1905, and a

fifth count charging illegal sales at different times. To this last indictment the defendant pleaded guilty of two offenses and paid the fine imposed, and when put on trial on the first indictment he entered the plea of former conviction.

He introduced no evidence as to the identity of the offenses, but relied on the record, and the court properly held that the plea was not sustained.

The Court, however, cites *S. v. Brown,* 49 Vt., 437, and says: "That a conviction or acquittal only bars such offenses as were put in issue on the former trial, is abundantly shown by *S. v. Brown,* 49 Vt., 437. In that case the respondent offered in evidence a certified copy of the record of his acquittal, and requested the court to charge that the acquittal shown thereby was a bar to a conviction for the same offense as tried and determined in that case, and for all offenses committed prior to the day of the exhibition of the complaint in that case. It was held that the acquittal barred all the offenses put in issue in the former case, but did not bar such offenses as might have been, but were not shown by the record or otherwise to have been put in issue in the former case."

The proposition discussed seems to us so clear upon principles of right and reason and upon authority that we would have thought it sufficient to state it, if it had not been questioned by the *Chief Justice* of this Court.

If the conclusion we have reached is not sound, the defendant can be tried indefinitely on the same evidence, upon successive bills, until a jury can be found who will convict.

A new trial is ordered for refusal to give the instructions set out.

New trial.


CLARK, C. J., dissenting: The defendant was convicted of the illegal sale of intoxicating liquor. This is not a continuous offense, but each sale is a separate and distinct violation of law. The uncontradicted evidence was that the defendant sold intoxicating liquor during the fall of 1910 and the spring of 1911; that it was "an almost everyday occurrence."

A former jury found the defendant "not guilty" on a charge of selling "on or about 5 December, 1910." This jury have found him "guilty" on a charge of selling "on or about 15 November, 1910." The Court is now asked to hold as a matter of law, without any evidence to support it, that the sale which the jury found the defendant did not make, on 5 December, is the *identical* one (out of the 100 which the defendant made) which this jury finds the defendant did make, on 15 November. Two juries have said that the two sales alleged were not on the same occasion, for the first jury found he did not make it at the time for which he was then tried, and the last jury said he was guilty on the occasion for which they tried him. How can this Court say otherwise? There is no evidence to justify such conclusion.

The defendant offered no evidence to show that the acquittal was for the same time, *i. e.,* for the "same transaction" of which he is now convicted. The true rule is as stated in *S. v. Brown,* 49 Vermont, 437, cited in the opinion of *Allen, J.,* in this case, that "an acquittal bars all offenses put in issue in the former case, but does not bar such offenses as might have been put in issue in the former case." There was but one sale in issue in the former indictment against Freeman, and it is not shown by the record that it was for any other occasion than the one charged in the bill of indictment to have been made "on or about 5 December, 1910." It is true that if some other time than that charged had been put in issue it would have been sufficient, notwithstanding the date charged in the indictment. But the defendant, *upon whom rests the burden of proof,* has not shown that the occasion for which he was acquitted occurred on any other date than that charged, and the only thing that appears of record is the charge of that date and a verdict of guilty thereon.

This is probably the first time that a defendant in any court has contended that because the evidence shows that he has broken the law on probably 100 separate occasions and has been acquitted as to one occasion, that therefore he is pardoned as to all the rest, unless the State shall show for which particular

sale he was acquitted. All the authorities as well as the reason of the thing are to the contrary, and that the burden is on the defendant to show that the charge on which he is tried was the identical one for which he was convicted or acquitted before. *S. v. Ellsworth,* 131 N. C., 773; *S. v. White,* 146 N. C., 608; *S. v. Cale,* 150 N. C., 805; Cyc., 368.

The offense is not a continuous one, and the burden is upon him, and not upon the State, to show that he has been twice charged for the identical offense—identical in fact and not merely identical in the nature of the offense. The "multitude of his sins" does not change the burden of the proof in such case to the State. Their number cannot be "imputed to him for righteousness."

"An acquittal or conviction of crime is no bar to a subsequent indictment for the same offense or the same species of crime, on a different date from that previously tried, unless the offense is continuous." Criminal Law, 12 Cyc., 281.

The general rule, that, in a criminal prosecution where the respondent relies upon a plea of former conviction for the same offense, "if the same evidence required to support the crime charged in the one case will warrant a conviction in the other, the identity of the offenses is established," does not apply in prosecutions for offenses which, by their nature, are capable of repetition, each specific act being a distinct offense, as the illegal selling of intoxicating liquor. In prosecutions for such crimes, no presumption of identity will arise from the fact that evidence sufficient to convict under one will warrant a conviction under another. *S. v. Pienfetti,* 79 Vt., 236. In that case the Court said: "But it is held that in prosecutions of offenses which, from their nature are capable of repetition, and it might be added, in common experience are usually many times repeated, each being a distinct and substantive offense, this test is not applicable, and no presumption of identity will arise from the fact that evidence sufficient to convict under one would warrant a conviction under the other. In such cases the respondent must show affirmatively by proof outside the record that the offenses are one and the same." No proof whatever to that effect has been offered in this case.

S. *v.* MARSH.

. The State herein charged a different date of the offense from that charged in the record as the date of the sale for which the defendant was acquitted. The jury has convicted the defendant of the sale herein charged. He has offered no proof tending to show that the two charged were for sales on the same occasion, and the judge properly refused to charge, as requested, that the burden was on the State to negative the identity of the two sales. The plea of "former acquittal" or of "former conviction" is a defense, the burden of proving which always rests on the defendant.

The proposition that the more guilty an offender is shown to be the more absolutely innocent he is, is a paradox that cannot be sustained either in logic, in law, or in morals. Proof of 100 offenses cannot be turned into proof of innocence by showing one acquittal for the offense on one occasion which the defendant does not identify.