**Rafael Quintana SANCHEZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19222.**

United States Court of Appeals
Ninth Circuit.

Feb. 1, 1965.

Rehearing Denied March 1, 1965.

226

Robert Hornbaker, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Benjamin S. Farber, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

On May 16, 1963, agents of the Federal Bureau of Narcotics arrested Fred Aguirre and seized marihuana found in his possession. Aguirre told the agents he had purchased the marihuana from appellant, a resident of Toluca, Mexico, "about the first part of 1963." At the agents' request Aguirre contacted appellant and arranged another purchase. Appellant brought the requested marihuana to Los Angeles on July 20, 1963, and was arrested.

I

On July 24, 1963, appellant was indicted for a violation of 21 U.S.C.A. § 176a "on or about July 20, 1963." Trial without a jury began September 10. To rebut appellant's defense that he had been entrapped into committing the July 20 offense, the government offered testimony that appellant had made three prior sales of marihuana to Aguirre, including one in February 1963. On September 12, 1963, the court acquitted appellant of the July offense on the ground that he had been entrapped. On October 2, 1963, appellant was indicted for a violation of 21 U.S.C.A. § 176a "on or about February 10, 1963." Trial commenced December 3, 1963. Appellant was convicted.

Appellant contends that the trial under the second indictment following acquittal under the first subjected him to double jeopardy "for the same offense," contrary to the Fifth Amendment. He argues that two prosecutions involve "the same offense" within the meaning of the double jeopardy clause if the evidence required to support a conviction in one would have warranted conviction in the other (Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911)), and that evidence as to the February transaction charged in the second indictment would have been sufficient to convict under the first indictment charging the July 20 transaction: (1) because of the provision of 21 U.S.C.A. § 176a that "[w]henever * * * defendant is shown * * *

*to have had* the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction \* \* \*" (appellant's emphasis), and (2) because time is not of the essence of this offense, and therefore, "proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient." Ledbetter v. United States, 170 U.S. 606, 612, 18 S.Ct. 774, 776, 42 L.Ed. 1162 (1898).

■ The "same evidence" test is one of several (1 Wharton, Criminal Law and Procedure §§ 144–5 (1957)) which may be useful in determining whether a particular case falls within the intended reach of the double jeopardy ban. It is no more than that. It has no coercive authority of its own. It cannot control decision where the result would be either to permit repeated trials for the same criminal conduct contrary to the purpose of the constitutional provision itself (United States v. Sabella, 272 F.2d 206 (2d Cir. 1959); see also Abbate v. United States, 359 U.S. 187, 196–201, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) (Brennan, J., concurring)), or, as in this case, to bar a later prosecution for a clearly distinct criminal transaction. Bossio v. United States, 16 F.2d 57 (9th Cir. 1926); State v. Pianfetti, 79 Vt. 236, 65 A. 84 (1906).

■ Where two violations of the same statutory prohibition are charged, as in this instance, and there is no issue as to the "unit of prosecution" under the statute (as, for example, in Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958); Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L. Ed. 905 (1955); and United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952)), the question raised by a plea of double jeopardy is simply whether the two prosecutions relate to the same conduct (Arnold v. United States, 336 F.2d 347, 350 (9th Cir. 1964)), and the burden rests upon the accused to establish that they do. Reid v. United States, 177 F.2d 743, 745 (5th Cir. 1949). Appellant did not attempt to make such a showing, for it is evident that the transactions underlying the two indictments involved here were separate and distinct.

■ The double jeopardy clause was not violated because evidence of the February transaction was introduced during the trial of the July offense to rebut appellant's defense of entrapment,[1] for it nonetheless remained true that at the first trial appellant stood in jeopardy of conviction only of the July offense. White v. United States, 200 F.2d 514 (5th Cir. 1952). See also Reid v. United States, supra, 177 F.2d 743, 745. Cf. Hensley v. United States, 82 U.S. App.D.C. 14, 160 F.2d 257 (1947).[2]

## II

As we have noted, at the time of his arrest on May 16, 1963, Aguirre advised the government of a prior purchase of marihuana from appellant in the first part of that year. However, a complaint filed by the government with the United States Commissioner on July 22 made reference only to the July 20 offense. Similarly, as we have seen, the first indictment, returned July 24, 1963, charged only the July 20 offense, and at the first trial the government sought to convict appellant only of that offense. The government did not file a complaint with regard to the February transaction until September 12, immediately following appellant's acquittal of the July offense. The indictment based upon the February offense was not returned until October 2, and trial of this charge did not begin until December 3.

---

1. As to the admissibility of such evidence, see Carlton v. United States, 198 F.2d 795, 797–99 (9th Cir. 1952); Sauvain v. United States, 31 F.2d 732, 733 (8th Cir. 1929). See also Dege v. United States, 308 F.2d 534, 535–536 (9th Cir. 1962).

2. Appellant has not relied upon "collateral estoppel" (see Sealfon v. United States, 332 U.S. 575, 578, 68 S.Ct. 237, 92 L.Ed. 180 (1948); United States v. Kramer, 289 F.2d 909, 913–18 (2d Cir. 1961)), since clearly no fact with respect to appellant's participation in the February offense was determined by the judgment entered at the first trial.

Appellant argues that there was as to the February transaction "unnecessary delay in presenting the charges to a grand jury" within the meaning of Rule 48(b), Federal Rules of Criminal Procedure, a denial of appellant's Sixth Amendment right to speedy trial, and a violation of appellant's Fifth Amendment right to due process. Appellant's argument does not depend in any substantial measure upon the time which elapsed, as such, but rather upon the motives which assertedly actuated the government, and the procedures which it followed, in prosecuting appellant for the February offense.

*First,* appellant asserts that the government withheld the February offense from the grand jury to which it presented the July offense because the government wished to present Aguirre's testimony to a second fact finder in the event it was rejected by the first. Appellant argues, "Governmental delay to get a series of trials solely to increase the odds in favor of conviction is an unnecessary delay" under Rule 48(b), and also deprived him of his Sixth Amendment right to speedy trial.

*Second,* appellant argues that the circumstances of this case reflect "piecemeal prosecution at its worst," and urges us "to hold that due process limits the Government to one indictment for all like offenses known to the Government, unless there is good reason for delaying the prosecution of one or more of them," and "the Government's desire to put a weak witness before several judges or juries is not such good reason."

If the record supported appellant's characterization of the government's conduct, we might agree that his contentions presented a serious question. The planned exposure of an accused to a succession of trials for offenses clearly subject to joinder (Rule 8(a), Fed.R. Crim.P.), for the deliberate purpose of enhancing the chance of conviction on weak evidence, might well constitute fundamental unfairness (cf. Ciucci v. State of Illinois, 356 U.S. 571, 573, 78 S.Ct. 839, 2 L.Ed.2d 983 (1958) (views of Mr. Justice Frankfurter and Mr. Justice Harlan)), and delays for such a purpose might well be unreasonable under both the Sixth Amendment and Rule 48(b), no matter how short in duration.

■■ But on this appeal we are confined to the record as it was made before the district court, and the facts of record fail to suggest the existence of such a scheme.[3] When Aguirre was arrested on May 16, and told the government agents of the prior purchase from appellant, the latter was in Mexico and not subject to prosecution. The

---

3. It is therefore unnecessary for us to consider the government's argument that, in any event, neither Rule 48(b) nor the speedy trial guaranty of the Sixth Amendment comes into play prior to the initiation of prosecution. For a recent discussion of the pertinent authorities see the opinions in Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808 (1963).

In leaving this question open, we think it desirable to note, however, that the cause and extent of pre-prosecution delay are nonetheless factors to be considered with other circumstances in determining whether a district court should have exercised its discretion under Rule 48(b), and whether the time within which an accused was brought to trial was reasonable under the Sixth Amendment. See United States v. Provoo, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955), af-

firming per curiam 176 F.R.D. 183 (D. Md.1955); United States v. Simmons, 338 F.2d 804, 806–807 (2d Cir. 1964); Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259, 262 (D.C.Cir.1956); Note, 108 U.Pa.L.Rev. 414, 420 (1960); and see generally, Note, 5 Stan.L.Rev. 95 (1952). D'Aquino v. United States, 192 F.2d 338 (9th Cir. 1951), is not to the contrary, for, as the opinion on rehearing makes clear (203 F.2d 390), the holding was limited to the proposition that detention of a defendant is not relevant to the issue of speedy trial in a particular prosecution when the detention was wholly unrelated to that prosecution.

And of course pre-prosecution delay may be a factor leading to the conclusion that due process has been denied. Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, 810 n. 2 (1963).

only available evidence of the offense was Aguirre's statement that it had occurred. The July offense, on the other hand, was committed as a result of arrangements to which the government agents were privy; and when appellant was arrested he was in possession of a car in which the marihuana was hidden, and made admissions to which the agents could testify. Proof of the July offense was thus virtually conclusive, wholly aside from the statements of Aguirre. Appellant was taken before the Commissioner on the Monday following his Friday arrest and charged with the offense just committed, and evidence of that offense was presented to the grand jury on Wednesday, two days later.

These circumstances do not suggest to us that the failure to include the earlier transaction in the initial complaint and indictment was the consequence of a deliberate scheme to enhance the chances of conviction. A more reasonable inference would be that the omission was either without deliberation, or arose from the prosecutor's not unreasonable conclusion that the strength of the government's case with respect to the July offense made it unnecessary and unjustifiable to undertake the investigation and prosecution of the earlier offense; and that the determination to prosecute for the February offense was formed only after the court unexpectedly acquitted appellant of the July offense on his defense of entrapment. Since the appellant was a citizen of Mexico and free to depart, no inference could be drawn from the fact that the second complaint was filed on the day appellant was acquitted, except that the government was aware that it must act at once or not at all. Cf. Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, 814 (1963) (Wright, J., concurring).

■■ This brings us to appellant's second contention. Stripped of the suggestion of tainted motive, appellant's argument is that the due process clause limits the government to one indictment, or at least to one trial, of the same accused for like offenses which are known to the government when a prosecution is begun. It has indeed been suggested by respected authority that the right of the government to institute multiple prosecutions for offenses growing out of the same or related transactions should be limited. See Model Penal Code § 1.07 (Proposed Official Draft, May 1962); Model Penal Code § 1.08, comment (Tent. Draft No. 5, 1956).[4] But it is doubtful if even the strictest of these proposed limitations would reach the present case. And in any event, there is no authority for the proposition that an accused is denied due process when nothing more appears than two successive prosecutions for separate offenses arising out of factually distinct transactions. Cf. Hoag v. State of New Jersey, 356 U.S. 464, 467–468, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958).

Affirmed.

4. See also Marakar v. United States, 370 U.S. 723, 82 S.Ct. 1573, 8 L.Ed.2d 803 (1962); Petite v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960).