THE STATE, RESPONDENT, v. WILFRED C. COOPER. . PROSECUTOR.

Argued June 7, 8, 1921—Decided November 1, 1921.

1. When a defendant files a plea of *autrefois acquit* the state should take issue on the facts averred unless the plea is insufficient in law.
2. When the state demurs to such a plea and the Quarter Sessions sustains the demurrer the judgment should be *respondeat ouster*, and in the absence of any judgment there is nothing to review either by writ of error or *certiorari*.
3. If the proper judgment be entered against the defendant it is not reviewable by *certiorari*, as a substitute for a writ of error, before final judgment, for defendant has a right to plead over, and if convicted by a final judgment, may raise the sufficiency of his plea on review by writ of error.

On *certiorari* to the Essex County Quarter Sessions.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the prosecutor, *McCarter & English.*

For the state, *J. Henry Harrison.*

The opinion of the court was delivered by

BERGEN, J. Two indictments were found by the grand inquest of Essex county against the defendant, one for manslaughter for killing one Harry L. Meyer, and the other for

committing an atrocious assault and battery on Florence Meyer. The defendant entered pleas of not guilty to each indictment and was put on trial on the indictment for manslaughter, which resulted in an acquittal. The defendant was then allowed to withdraw the plea of not guilty to the indictment charging atrocious assault and battery on Florence Meyer, and to file a plea of *autrefois acquit* setting up that the assault on Florence Meyer was done by the same identical act which caused the death of Harry L. Meyer, and that it was the same offence of which he had been acquitted in the manslaughter case, and not a different offence. To this plea the state filed a demurrer, which the Court of Quarter Sessions sustained, whereupon the defendant was allowed a writ of *certiorari* to review the action of the court in sustaining the demurrer. We are of opinion that the writ was improvidently issued, because there is no judgment to review. All that appears in the record is, "after hearing argument of counsel in the above-stated matter the court sustained the demurrer filed herein." This is not a judgment subject to review. *State* v. *Ackerman,* 64 N. J. L. 99.

Our Criminal Procedure act (*Comp. Stat., p.* 1835, § 45) provides that in a plea of *autrefois acquit* it shall be sufficient to state that the defendant had been lawfully acquitted of the offence charged in the indictment, which is substantially the plea filed in this case. The proper practice in such a case is for the state to take issue on the facts stated and thus put the defendant to proof of the averments it contains, and, as was done in *State* v. *Mowser,* 91 N. J. L. 395, on the trial of that issue the court may charge the jury that the plea is not sustained by the proofs when that is the fact. "Whenever the offence charged in the two indictments are capable of being legally identified, it becomes a question of fact for the jury to determine whether the averments be supported, or the offence be the same, and the replication should conclude to the country." *State* v. *Ackerman, supra.* If such a plea on its face be insufficient, in substance, it may be so adjudged, and if the demurrer be sustained when it ought not to be, it can

be reviewed after final judgment by a writ of error, as was done in *State* v. *Rosa, 72 N. J. L.* 462.

The common law rule that in all cases, except where felony is charged, the finding against the defendant on such a plea was, because of its falsity, a conclusive presumption of his guilt on the merits to be followed by judgment, as on a plea of guilty, does not prevail in this state where the distinction between misdemeanor and felony has been abrogated, and the judgment against the defendant on his plea should be *respondeat ouster,* and the trial proceeded to final judgment; but in the instant case there is no judgment to be reviewed either by writ of error or *certiorari.* The general question is well considered in *State* v. *Pianfetti, 79 Vt.* 236, also reported in 9 *Ann. Cas.* 127, with notes.

In the case under review the state, as in *State* v. *Ackerman, supra,* instead of taking issue on the facts set up in the plea, interposed a demurrer which admits, *inter alia,* that the offence of which the defendant was acquitted on the trial of the former indictment, and the offence charged in the indictment to which the plea was interposed, "are one and the same offence and not different and divers offences," committed by defendant at the same time and place, by the same identical act. These facts, as well as the former indictment, trial and acquittal of the offence charged being admitted by the demurrer, the judgment could only be a final one in favor of the defendant. The lower court, however, reached the conclusion that the plea was insufficient in law, and the only judgment possible on its conclusion would be that of *respondeat ouster,* which does not appear in the record, and it would not be, if properly entered, reviewable by *certiorari,* as it would not be a final one, but only accords to the defendant his right to plead over. For the want of any judgment the writ will be dismissed and the record remitted to the Quarter Sessions of Essex county where the state, if it desires, may apply for leave to withdraw its demurrer, and by a proper pleading take issue on the facts averred in the plea, as was allowed in *State* v. *Ackerman, supra.*

There is another reason why this writ should be dismissed, even if a proper judgment had been entered, for it would not be final, as it would not either convict or acquit the defendant of any criminal offence. That the writ in this case is being used as a substitute for a writ of error is plain, and that when so used it is improvident if allowed before final judgment is well settled by our cases. The Supreme Court in *Hinchman* v. *Cook,* 20 *N. J. L.* 271, said: "A writ of error, or a *certiorari* substituted by statute for that writ, cannot go for a part only of the record nor before final judgment." In *Hoxsey* v. *Woodruff,* 39 *Id.* 72, the Supreme Court stated the rule to be: "It is not a proper use of the writ to intercept and remove for review the steps in a procedure, preliminary to a decision or final resolution therein, except where the court issuing the writ can continue the proceedings to completion." On review of the judgment based on that rule Mr. Justice Dixon, speaking for the Court of Errors and Appeals, said: "But this rule is not one of universal force. Its operation is properly confined to those cases where the office of the writ is in the nature of that of a writ of error, and when therefore its allowance is governed by similar principles." 39 *Id.* 489. This rule was followed in *Mowery* v. *Camden,* 49 *Id.* 106, the opinion being read for the Supreme Court by the same justice. The Court of Quarter Sessions is a court of record, and its judgments subject to review by writ of error, and to allow its proceedings to final judgment, in a criminal case, to be intercepted by a writ of *certiorari,* where the Supreme Court cannot continue the proceeding to completion, is not supported by our cases on the subject.

The writ will be dismissed and the record remitted to the Quarter Sessions for further proceedings as indicated in this opinion.