Coös,
May 2, 1922.

### STATE v. ROBERT GENDRON.

Bill of rights, *art.* 16 does not prohibit a prosecution for the transportation of intoxicating liquor in violation of Laws 1917, *c.* 147, *s.* 20; Laws 1919, *c.* 99, *s.* 4 against one who has previously been convicted in a federal court for illegally transporting the same liquor in violation of a federal statute.

A second offence may consist of a violation of a statute as amended, if the original statute so provides.

INFORMATION, charging the defendant with the illegal transportation of liquor. Facts agreed. The defendant, who had been convicted in August, 1920, of a violation of the provisions of Laws 1917, *c.* 147, *s.* 20, as amended by Laws 1919, *c.* 99, *s.* 4, transported a large quantity of intoxicating liquor from Canada through Vermont to Stewartston where he was arrested by the federal officers and taken to Vermont. He returned to this state later and was arraigned on this information, and pleaded not guilty. Later still, he was indicted by the federal court, for the district of Vermont, for transporting the same liquor and pleaded guilty.

Transferred by *Sawyer*, J., from the September term, 1921, of the superior court on the defendant's exception to the denial of his motion to dismiss.

*Warren W. James*, solicitor, for the state.

*Matthew J. Ryan*, for the respondent.

YOUNG, J. The question raised by the defendant's exception is the same as it would be if he had been convicted of the illegal transportation of this liquor in the district court of the district of New Hampshire.

In other words, the question raised by his exception is the same that arises in every case in which both the United States and a state

prosecute a person for doing an act forbidden by the laws of both jurisdictions. *Moore* v. *Illinois*, 14 How. 13, 19.

In such cases, it is no bar to a prosecution in one jurisdiction to show that the defendant has been convicted or acquitted in the other. 16 C. J. 282, *s.* 482 *note;* 16 Am. L. R. 1232.

While this is the general rule, there are a few courts which deny its application when the offence charged is the doing of an act forbidden by the so called Volstead act (41 U. S. Stat. 305) and a state prohibitory statute, *State* v. *Smith*, 199 Pac. Rep. 194; *Wood* v. *Whitaker*, 89 So. Rep. 118; *United States* v. *Peterson*, 268 Fed. Rep. 864, but the great weight of authority is in favor of the proposition that the rule which is applied in other cases should be applied in liquor cases. 16 Am. L. R. 1238.

The defendant confuses the same act with the same offence when he contends that to subject him to a trial in this state is to try him twice for the same offence within the meaning of that term in *art.* 16 of the bill of rights. It is true that the liquor he is charged in this information with transporting is the same that he was convicted of transporting in the federal court, but the offence with which he is charged in this proceeding is a violation of Laws 1917, *c.* 147, *s.* 20, as amended by Laws 1919, *c.* 99, *s.* 4, while the offence of which he was convicted in the federal court was a violation of the provisions of the Volstead act.

There is no merit in the defendant's contention that he is not guilty of a second offence, for Laws 1917, *c.* 147, *s.* 24, provides in substance that if a person who has been convicted of a violation of the provisions of that act, is subsequently convicted of a violation of any of its provisions, *or of any amendment thereto*, he is guilty of a second offence.

The defendant was convicted of a violation of the provisions of *s.* 20 in August 1920, and is charged in this information with violation of the provisions of that section as amended by Laws 1919, *c.* 99, *s.* 4. It follows that the offence with which he is charged is a second offence within the meaning of that term as used in *s.* 24.

*Exception overruled.*

All concurred.