**UNITED STATES of America**

v.

**Robert Earle NELSON, Albert John Lazzaro, George Vincent Rafferty.**

**Cr. A. No. 6302.**

United States District Court
D. New Hampshire.

Dec. 7, 1955.

Maurice P. Bois, U. S. Atty., Concord, N. H., for plaintiff.

George Vincent Rafferty, pro se.

CONNOR, District Judge.

Motion by George Vincent Rafferty to vacate part of sentence imposed upon him April 20, 1954, on his plea of guilty to an information charging violation under Title 18 U.S.C. Section 2113. Specifically, the movant asks that the sentence on Count I be vacated and that the sentence imposed on Count II be "sustained." The information charged: "Count I. That on or about March 17, 1954, at Durham, in the State and District of New Hampshire, Robert Earle Nelson, Albert John Lazzaro and George Vincent Rafferty did enter the Durham Trust Company, a bank the deposits of which are insured by the Federal Deposit Insurance Corporation, with intent to commit larceny. Count II. That on or about March 17, 1954, at Durham, in the State and District of New Hampshire, Robert Earle Nelson, Albert John Lazzaro and George Vincent Rafferty did enter the Durham Trust Company, a bank the deposits of which are insured by the Federal Deposit Insurance Corporation, and did assault and put in jeopardy the life of John Skelton, treasurer of said bank, by the use of a dangerous weapon." Consecutive sentences were requested by the United States Attorney. On Count I, this court imposed a sentence of five years, and on Count II a term of four years, to run consecutively to sentence imposed on Count I. The respondent was committed and is presently confined in the Federal Penitentiary at Atlanta, Georgia.

Several months later, this motion was filed. As ground for relief, the movant contends that, by the imposition of consecutive sentences, he was placed in double punishment.

■■ Count I alleges a violation under Section 2113(a), and, of itself, warrants the imposition of the sentence imposed thereon. Count II standing alone describes no federal offense. The obvious defect is that it failed to charge the commission or attempted commission of the crime laid in Count I. But this failure is not fatal, for the subject matter of the information is that a crime under the statute was charged, and the accused was sufficiently apprised of what he must meet. United States v. Bent, 8 Cir., 175 F.2d 397.

■ Thus there is the situation, which has been the subject of considerable judicial determination, of a greater offense including a lesser offense, for it is obvious that the offense charged in Count II must of necessity include the offense charged under Count I. Barkdoll v. United States, 9 Cir., 147 F.2d 617; Wells v. United States, 5 Cir., 124 F.2d 334; Durrett v. United States, 5 Cir., 107 F.2d 438; Dimenza v. Johnston, 9 Cir., 130 F.2d 465; Miller v. United States, 2 Cir., 147 F.2d 372. See also Ekberg v. United States, 1 Cir., 167 F.2d 380. While concurrent sentences could have been imposed, consecutive sentences may not. It follows therefore that both sentences cannot stand and that one must be vacated. I am disposed to accept the reasoning and the procedure adopted in Holbrook v. United States, 8 Cir., 136 F.2d 649. But Cf. Stevenson v. Johnston, D.C., 72 F.Supp. 627. Here, as there, the essence of respondent's complaint is his exposure to dual punishment, and to that extent only may he seek correction. Neither sentence standing by itself is invalid within the purview of the statute, and justice and reason dictate that the decision as to which shall be eliminated is not for the respondent to say, but it is to be addressed to the sound discretion of this court, to

whom the entire circumstances of the crime were related at the time of the plea and sentence.

The sentence imposed on Count I more nearly reflects the punishment which the court believed to be appropriate. Accordingly it is ordered that the sentence imposed on Count II of the information be and it hereby is vacated and the judgment amended. The sentence imposed upon Count I remains as adjudged.