**Clarence Vernon FERGUSON, Petitioner-Appellant,**

v.

**Harold J. CARDWELL, Warden, Respondent-Appellee.**

**No. 71–1392.**

United States Court of Appeals,
Sixth Circuit.

Dec. 23, 1971.

Clarence Vernon Ferguson, pro. per.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen. of Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and ROTH, District Judge *.

PER CURIAM.

Ferguson has appealed from an order of the District Court denying his application for a writ of habeas corpus.

The Grand Jury of Cuyahoga County, Ohio, in the first count of an indictment, charged him with killing in the perpetration of a robbery, and in the second count with killing with premeditated malice.

Ferguson and an accomplice were robbing a drugstore in Cleveland, Ohio; both men had guns. Ferguson shot Benjamin Kaufman in the shoulder and, when leaving the store after the rob-

* The Honorable Stephen J. Roth, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

bery, shot him in the head. It was a brutal murder.

Two counsel were appointed to defend Ferguson. A jury was impaneled and sworn, and one of the state's witnesses was examined. The defendant then, after consultation with his family and lawyers, withdrew his pleas of not guilty and pleaded guilty to each count.

The jury was discharged and in accordance with Ohio law a three-Judge Court was convened in a new trial. After hearing all of the evidence the Court found defendant guilty on both counts, withholding mercy on the first count and recommending mercy on the second count. The death sentence was imposed on the first count and life imprisonment on the second count, the sentences to run concurrently. The Court denied defendant's motion for leave to withdraw his pleas of guilty.

The Court of Appeals affirmed the judgment and sentence. The Supreme Court of Ohio admitted the case for review and affirmed with two judges dissenting.[1] State v. Ferguson, 175 Ohio St. 390, 195 N.E.2d 794 (1964).

The principal error assigned here, as well as in the Supreme Court of Ohio, was that defendant was subjected to double jeopardy, in violation of the state and Federal Constitutions. Appellant claims that he killed only one man and hence he cannot be prosecuted for committing more than one offense.

██ Under Ohio law, killing in the perpetration of a robbery and killing with premeditated malice are two separate and distinct offenses. Each requires proof of a fact which the other does not require. State v. Ferguson, supra. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Lowther v. Maxwell, 347 F.2d 941 (6th Cir. 1965).

██ Since the death penalty was imposed, the life sentence is regarded as surplusage. State v. Ferguson, *supra.*

██ In any event, the prohibition against double jeopardy is directed only against successive trials. Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). Here, the defendant was prosecuted only once.

We agree with the Supreme Court of Ohio and the District Court that the pleas of guilty were voluntary.

The claim that defendant was not provided with adequate representation by his counsel was not made in the state courts, and is without merit.

██ Because the defendant is now serving only a life sentence for the murder which he admittedly committed, we find no prejudice to him in the original sentencing in the state court.

Affirmed.

---

1. The dissenting Judges were in favor of affirming the judgment, but with the imposition of a sentence of life imprisonment on both counts. The Governor of Ohio remedied this situation on July 8, 1964, after the Supreme Court decision, by commuting the death sentence to life imprisonment.