**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Byron HALE, Defendant-
Appellant.**

**No. 72–1259**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Oct. 6, 1972.

---

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

John S. Gonas, Jr., Mobile, Ala., for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM.

Three indictments were returned against the appellant, Edward Byron Hale, charging him in 20 counts with wilful misapplication of bank funds and securities in violation of 18 U.S.C. § 656 and making false bank entries in violation of § 1005. Following a jury trial he was found guilty on 10 counts and sentenced to imprisonment for 45 months and fined $4,000 under each count. Terms of imprisonment under § 1005 and § 656 were made concurrent[1] so that Hale was sentenced to a total of 15 years imprisonment and fined

$40,000. This court affirmed Hale's conviction on appeal[2] and denied petitions for rehearing and rehearing en banc.[3] Hale's petition for writ of certiorari was denied by the United States Supreme Court.[4]

At this juncture, Hale appeals from a district court order denying his Rule 35 motion for a reduction of sentence. He asserts the following grounds of error: (1) that based on the evidence his actions in violation of 18 U.S.C. § 656 constituted a single criminal act for which only a single sentence should have been imposed; (2) that since the evidence did not show the securities stolen to exceed $100.00 in value, he should have been sentenced under the misdemeanor rather than the felony provisions of § 656; and (3) that the imposition of the $40,000 in fines violated the dictates of Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). We find no merit in any of these contentions and affirm.

 We deal first with Hale's challenges to the validity of the sentences, noting that they are directed only to the convictions under § 656 involving the misapplication of securities. Hale claims that the convictions are multiplicitous; that is, he is being punished more than once for the same offense.[5] It is Hale's position that his embezzlement of the various stock certificates constituted a single criminal violation under § 656 rather than the four for which he was indicted and convicted. Under the long established rule, if different evidence is required to prove each count in an indictment, then each count states a separate offense[6] and convic-

---

1. Hale was convicted on 4 counts under § 1005 and 6 counts under § 656. The trial judge imposed consecutive sentences under § 1005 and 4 consecutive and 2 concurrent sentences under § 656. The sentences under § 1005 were made to run concurrent with those under § 656.

2. Hale v. United States, 435 F.2d 737 (5th Cir. 1970).

3. Hale v. United States, 435 F.2d 754 (5th Cir. 1971).

4. Hale v. United States, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971).

5. For an excellent discussion of multiplicity and related problems see 8 Moore's Federal Practice ¶ 8.07 [1–2].

6. The controlling test in multiplicity cases —the same evidence test—is enunciated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The continued application of the same evidence test has been the subject of some criticism. See, e. g., Ashe v.

tion thereunder will support a separate sentence. Applying that test to the facts in this case, it appears that each count required proof that the others did not such as value of the stock, certificate numbers, owner at issue, number of shares, endorsement by owner and possession of the stock by Hale as a result of his position as a bank officer. Accordingly, we conclude that Hale was convicted of separate and distinct offenses under § 656.

■ There is an additional and equally compelling reason for denying Hale's request for reduction of his sentence. Even if Hale had established that his convictions were multiplicitous, he would have been unable to show any injury; for the sentences imposed under § 656 run concurrently with valid and uncontested sentences imposed under § 1005. Thus, even if a reduction of Hale's sentence were granted, it would have no effect on the total length of his imprisonment.[7]

■ Hale's second argument is that he should have been sentenced under § 656's misdemeanor provisions. The sole basis of this contention is that the evidence showed the value of each *share* of stock to be less than $100.00. While Hale's interpretation of the evidence is indeed borne out by the record, it does not follow that he should have been sentenced under the misdemeanor section. He overlooks the critical point that under each count the total value of the stock he misapplied greatly exceeded $100.00. The district court did not err in sentencing him under the felony section of § 656.

■■ Hale's final argument is that his sentence violates Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1971). He claims that the effect of the sentence is to condition his release from prison upon the payment of the $40,000 in fines. This court's reading of the district court's order of judgment and commitment, however, discloses no such condition to Hale's release. Moreover, even if such a condition did exist, it is doubtful whether relief would be appropriate at this time since Hale is not now being imprisoned for his inability to pay the fines. It is not the province of this court to give anticipatory relief and we cannot assume that Hale will be held in violation of his constitutional rights enunciated in Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1971) and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).[8]

The district court's order denying the motion for reduction of sentence is affirmed.

Swenson, 397 U.S. 436, 448, 90 S.Ct. 1189, 1196, 25 L.Ed.2d 469, 478 (1970) (Justice Brennan, concurring). But there can be no doubt that the *Blockburger* case still remains the law. See, e. g., Ferguson v. Cardwell, 452 F.2d 1011, 1012 (6th Cir. 1971); Downey v. Peyton, 451 F.2d 236, 238 (4th Cir. 1971); Akin Distributors of Fla., Inc. v. United States, 399 F.2d 306 (5th Cir. 1968).

7. See Kiyoshi Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); United States v. Dumenigo, 444 F.2d 253 (5th Cir. 1971); United States v. Abigando, 439 F.2d 827 (5th Cir. 1971). See also United States v. Payne, 467 F.2d 828 (5th Cir. 1972).

8. 18 U.S.C. § 3569 establishes a procedure whereby an indigent prisoner, as Hale claims to be, can obtain release if he is being held solely for the non-payment of a fine.