Robert Edward COLLE, P.M.B. 42585

v.

C. Murray HENDERSON, Warden.

Civ. A. No. 18401.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Nov. 21, 1972.

Robert Edward Colle, in pro. per.

John Richardson, Dist. Atty., First Judicial District, Shreveport, La., for defendant.

## RULING

DAWKINS, Chief Judge.

October 27, 1972, we directed the State, through its District Attorney for the First Judicial District Court, Caddo Parish, Louisiana, to file with us a certified copy of its complete record in this case in accordance with 28 U.S.C. § 2254(e), (f). That record has been received together with a response and brief of authorities from the State District Attorney.

Applicant has exhausted his remedies in the State trial court and the Louisiana Supreme Court.

Applicant alleges in his petition that he is illegally detained in the Louisiana State Penitentiary, serving a life sentence plus fifteen years which he received on January 6, 1953, the sentences to run consecutively, in the First Judicial District Court, after pleas of guilty to murder without capital punishment, and armed robbery.

Colle alleges he was denied his fundamental right to counsel; that he was twice placed in jeopardy; that he was indicted by an illegal and unconstitutional grand jury; and that he has been denied any hearings in the State Courts, his applications being summarily denied each time they were filed.

We have reviewed carefully the record sent to us relative to applicant's allegations. The facts of the offense as found from the record are undisputed and uncontested by applicant, and succinctly set forth in the Statement of Facts in the response by the District Attorney. It is stated that on June 26, 1952, Robert Edward Colle, armed with a .45 caliber automatic pistol, entered the package liquor store of Dominic Jack Cordaro, at 220 North Market Street, Shreveport, Caddo Parish, Louisiana, and at gunpoint robbed him of $200.00 in cash, struck him over the head with the pistol, rendering him in a semiconscious state, then leaving the store with the money and attempting to start his car parked in front of the building. Cordaro quickly regained consciousness, emerged from the place of business and a gunfight ensued, in which Cordaro received two bullet wounds, one being in the heart, killing him instantly.

December 4, 1952, True Bills of Indictment were returned by the Grand Jury No. 44,568, charging him with Murder, and No. 44,569, charging him with Armed Robbery. December 12, 1952, counsel was appointed to represent applicant, namely, Malcolm E. Lafargue and Charles B. Emery. January 6, 1953, applicant was arraigned with one of his attorneys (Lafargue) present, and entered a plea of guilty without capital punishment on the murder charge, receiving a life sentence; and a plea of guilty to the armed robbery charge, for which he received a consecutive sentence of 15 years.

▮ We conclude, as a matter of law, that there is no merit to the applicant's allegation respecting an illegal and unconstitutional grand jury, as no motion was timely filed to quash and this was not an issue in the case.

▮ Colle contends that he was denied his fundamental right to counsel. We find as a fact that two able and competent attorneys were appointed to represent him, even though it appears from the record that only one of them counseled with him and appeared with him at his arraignment. This attorney, Lafargue, now deceased, was a prominent practicing attorney, having served actively as United States Attorney for this District, and, to this Court's personal knowledge, engaged extensively in

practicing criminal law from 1940 to 1948. Because of his demise, there is no evidence in the record in affidavit form from Lafargue, but we are sure he made a thorough check of the record of applicant's case in his representation and entered into a plea bargain on applicant's behalf to avoid a possible death sentence. Anglin v. Caldwell, 5th Cir., 465 F.2d 970 (1972).

Colle alleges that he was twice placed in jeopardy by receiving consecutive sentences for the same offense. We find that the Grand Jury returned two True Bills against applicant, charging him with Murder, and Armed Robbery. L. R.S. 14:30 covers the charge of Murder:

> "Murder is the killing of a human being, (1) When the offender has a specific intent to kill or to inflict great bodily harm; or (2) When the offender is engaged in the perpetration or attempted perpetration of aggravated arson, aggravated burglary, aggravated kidnapping, aggravated rape, armed robbery, or simple robbery, even though he has no intent to kill.

> "Whoever commits the crime of murder shall be punished by death."

The Armed Robbery statute is covered by L.R.S. 14:64, and at that time carried a sentence at hard labor for not less than one nor more than fifteen years.

We agree with the dissenting opinion of the Louisiana Supreme Court, in which that Court refused applicant's writs on September 28, 1972, in their Case No. 52,767, found in the record, the decision being by a four to three margin. The dissenting opinion stated in part:

"The murder charge being entirely based on the *felony* murder provision of our law was founded entirely upon the *armed robbery*. The later plea to armed robbery constituted double jeopardy."

■ The test of the identity of an offense is whether each separate statutory provision requires proof of additional facts which the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. There are, of course, certain cases in which a defendant is charged on several counts, under two or more statutes, and receives consecutive or concurrent sentences, which is in the discretion of the trial judge. United States of America v. Hale, 5th Cir., 468 F.2d 435 (1972). The distinction between double jeopardy and multiplicitous offenses is further discussed in the recent decision of United States of America v. Deaton, 5th Cir., 468 F.2d 541 (1972), with other pertinent cases cited therein.

■ In the case before us, in light of the undisputed facts related, applicant first entered a plea under L.R.S. 14:30(2)—(1) perpetration or attempted perpetration of armed robbery in combination with a killing constituting murder. He then pleaded guilty to the armed robbery, and we consider it to be constitutionally impermissible to again charge applicant and accept his plea under a separate statute for the same offense of armed robbery, thus making it multiplicitous—in this case, duplicitous —thus constituting double jeopardy.

Accordingly, the 15-year sentence rendered by the First Judicial District Court on January 6, 1953, in Case No. 44,569, in State of Louisiana v. Robert Edward.Colle, is vacated.