Grafton
No. 78-267

THE STATE OF NEW HAMPSHIRE

v.

THOMAS J. HEINZ

October 12, 1979

*Thomas D. Rath*, attorney general (*John C. Boeckeler*, assistant attorney general, orally), for the State.

*Wiggin & Nourie*, of Manchester (*Gary E. Hicks* and *L. Jonathan Ross* orally), for the defendant.

BROCK, J.   Thomas Heinz was indicted by the Grafton County grand jury for eight counts of theft by misapplication. RSA 637:10. The defendant moved to dismiss the indictments on the ground of

former jeopardy, arguing that his prior federal conviction for embezzlement, 18 U.S.C. § 656 (1976), was for the same offense as the present State indictments. After a hearing on defendant's motion in Grafton County Superior Court, the Court (*Johnson*, J.) transferred the question without a ruling to this court.

Prior to July 1976, the defendant was branch manager of the Ashland Agency, a division of the Meredith Village Savings Bank. He also served as treasurer of the Ashland School District and of the town of Ashland. On July 23, 1976, a cash shortage of $71,000 was discovered at the bank. When confronted with this shortfall, the defendant took responsibility for it, and said that he had the funds tied up in securities. During the next two months the bank undertook a full audit of its accounts.

Before completion of the bank audit, the defendant and the United States attorney agreed to proceed with federal prosecution. The defendant waived indictment and agreed to plead guilty to one count of embezzlement by a bank officer, 18 U.S.C. § 656 (1976), as follows:

> On or about the 23rd day of July, 1976, in the State and District of New Hampshire, THOMAS HEINZ, being an employee, that is Manager of the Ashland Agency of the Meredith Village Savings Bank, a member of the Federal Reserve System, with intent to injure and defraud said member bank, wilfully and knowingly did embezzle and convert to his own use the sum of $71,000.00 of the moneys and funds of such Bank which had come into his possession under his care by virtue of his position as employee and Manager.

On January 17, 1977, the defendant appeared with counsel in federal court and entered a plea of guilty to the offense as charged. He was sentenced to one-year imprisonment, later reduced to six months on defendant's motion. In imposing sentence, the federal judge stated that he took into consideration the total embezzlement scheme as disclosed in the presentencing report, including allegations that the defendant had embezzled sums in excess of $100,000 for which he had not been charged in federal court.

The full bank audit disclosed that the total amount missing from various accounts at the time the defendant's scheme was discovered was approximately $240,000. The State also conducted a full audit of the financial records of the town of Ashland and the Ashland School Department from 1971 through July 1976. This information was presented to the Grafton County grand jury, which returned eight

indictments charging the defendant with separate acts of theft by misapplication of property. RSA 637:10. Six of the indictments alleged theft of money belonging to the town of Ashland and its departments; the remaining alleged misapplication of money from the bank accounts of two individual depositors.

Both the fifth amendment to the United States Constitution and part I, article 15 of the New Hampshire Constitution protect a citizen from being twice tried and convicted for the same offense. *State v. Gosselin*, 117 N.H. 115, 118, 370 A.2d 264, 267 (1977); *see Brown v. Ohio*, 432 U.S. 161 (1977).

■ ■ The defendant has the burden of showing, by a preponderance of the evidence, that the offense for which he was previously acquitted or convicted is the same as the one subsequently charged. *See, e.g., United States v. Mayes*, 512 F.2d 637, 652 (6th Cir.), *cert. denied*, 422 U.S. 1008 (1975); *Sanchez v. United States*, 341 F.2d 225, 227 (9th Cir.), *cert. denied*, 382 U.S. 856 (1965); *State v. Pianfetti*, 79 Vt. 236, 241, 65 A. 84, 85 (1906); *cf. State v. Kowal*, 116 N.H. 699, 700, 366 A.2d 877, 879 (1976) (collateral estoppel). Double jeopardy only prohibits reprosecution where the second offense charged is the same as the first, both in law and in fact. *State v. Harlan*, 103 N.H. 31, 164 A.2d 562 (1960).

The first question is whether the federal offense is legally the same as those offenses charged in the State indictments. Under the United States Constitution, a prosecution in a State court is not barred because of a prior federal prosecution. *See United States v. Wheeler*, 435 U.S. 313 (1978); *Bartkus v. Illinois*, 359 U.S. 121 (1959). Where the two offenses are identical except for jurisdictional facts, a majority of this court indicated that under our State constitution "[i]t is pure fiction to say they are different crimes [solely] because of dual sovereignty." *State v. Hogg*, 118 N.H. 262, 266, 385 A.2d 844, 846 (1978).

On the other hand, two statutes with overlapping subject matter do not necessarily reflect the same interests and define the same offense in law. "[T]he States under our federal system have the principal responsibility for defining and prosecuting crimes." *Abbate v. United States*, 359 U.S. 187, 195 (1959). Federal criminal jurisdiction does not impair the jurisdiction of this State over offenses defined by our laws. *See* 18 U.S.C. § 3231 (1969). By enacting a statute covering the specific crime of "theft, embezzlement, or misapplication by bank officer or employee" of federal banks, the United States did not preempt the entire field of bank embezzlement. *Cf. Fox v. Ohio*, 46 U.S. (5 How.) 410 (1847) (State has independent interest in prosecuting counterfeit

currency crimes to protect citizens against fraud). We must therefore consider the actual interests and policies of each jurisdiction to determine whether the federal and State statutes define the same offense. *See Commonwealth v. Grazier*, 481 Pa. 622, 393 A.2d 335 (1978); *People v. Cooper*, 398 Mich. 450, 461, 247 N.W.2d 866, 871 (1976); Note, *Double Prosecution by State and Federal Governments: Another Exercise in Federalism*, 80 HARV. L. REV. 1538, 1559 (1967).

Unlike the bank robbery statutes presented in *State v. Hogg*, 118 N.H. 262, 385 A.2d 844 (1978), the federal and State statutes involved in this case differ in more than jurisdictional ways. The federal statute, 18 U.S.C. § 656 (1976), covers theft, embezzlement, or misapplication of the assets of federally connected banks by bank officers and employees. Its purpose is to protect the assets and integrity of banks having a federal relationship. *United States v. Barket*, 530 F.2d 181 (8th Cir. 1975), *cert. denied*, 429 U.S. 917 (1976); *Garrett v. United States*, 396 F.2d 489 (5th Cir.), *cert. denied*, 393 U.S. 952 (1968). The State statute, in contrast, protects citizens against any acts of theft by misapplication. The State statute evinces a special concern for misapplication of funds belonging to a governmental unit by a governmental official, a matter unconnected with the federal interest. RSA 637:10 III. The federal offense in this case did not embrace the defendant's dual roles as town treasurer and bank manager, and therefore does not satisfy the State's interests. The State offenses are therefore different in law from the one to which the defendant pled guilty in federal court.

We must next consider whether the offenses charged are the same in fact. Two offenses are considered separate in fact if different evidence is required to sustain each one. *State v. Gosselin*, 117 N.H. 115, 118, 370 A.2d 264, 267–68 (1977), *citing Blockburger v. United States*, 284 U.S. 299, 304 (1932). This "same evidence" test is the same one which governs the propriety of consecutive sentences for multiple counts prosecuted in a single trial. *See, e.g., United States v. Nelson*, 160 F. Supp. 881 (D.N.H. 1955).

Our inquiry must be somewhat different from that in *State v. Hogg*, 118 N.H. 262, 385 A.2d 844 (1978). If the defendant had been acquitted in federal court, he would be entitled to claim the protection of collateral estoppel as to all issues resolved in his favor in the first trial. *State v. Hogg*, 118 N.H. at 266, 385 A.2d at 846–47 (1978). Even if the two offenses charged differ materially, the second prosecution must fail if any fact necessarily decided in the defendant's favor in the first trial would be fatal to the State's case in the second. *See Ashe v.*

*Swenson,* 397 U.S. 436 (1970). In the present case, in contrast, any issues that are common to both the federal and State charges have been concluded against the defendant. The question before us, therefore, is whether conviction on the State indictments would subject the defendant to being twice tried and convicted for the same offense. *See State v. Gosselin,* 117 N.H. 115, 370 A.2d 264 (1977); *State v. Collins,* 115 N.H. 499, 345 A.2d 162 (1975).

The defendant pled guilty in federal court to embezzling $71,000 "on or about July 23, 1976." The defendant agreed with the United States attorney that the $71,000 did not represent the total amount involved in the embezzlement scheme, and that an additional $169,000 was missing from bank accounts and funds on July 23, 1976, when the scheme was discovered. Both the defendant and the United States attorney argued to the federal court that those additional sums were not at issue in the charge before it, and were properly a matter for the authorities of this State rather than the federal court. In other words, the defendant has conceded that there were and are additional acts, not included in the federal information, for which he may be held accountable in State courts. The only question, therefore, is whether the acts charged in the State indictments are the same ones covered in the federal information.

Six of the State indictments allege that the defendant, who was treasurer of the town of Ashland, obtained funds belonging to the town and its departments that were intended for deposit in the bank, and "purposely failed to make the required deposit and dealt with the monies obtained as his own." It is clear that these indictments refer to funds which were never deposited in the bank and therefore could not have been included in the federal charge, which refers only to bank assets.

The remaining two counts, totalling $20,000, allege that over a three-year period the defendant failed to maintain certain deposits; that is, that he helped himself to funds held by the bank. It is possible that the activities charged in these indictments could overlap with those charged in the federal information, which occurred between March and July 1976. However, the defendant has not yet come forward with any evidence whatsoever that the general federal charge covered these two specific allegations.

■ Although these charged acts may form part of a single scheme or course of conduct, proof of the larger theft over a long interval will necessarily involve evidence different from or in addition to that which would have been presented in the trial of the federal charge. Because different evidence will be required to sustain the State

indictments, "the fact that they relate to and grow out of one transaction does not make them a single offense." *State v. Gosselin*, 117 N.H. 115, 118, 370 A.2d 264, 267 (1977).

■ The defendant argues that the federal charge and the State ones are each partial allegations about the same overall scheme or transaction. "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Brown v. Ohio*, 432 U.S. 161, 169 (1977). However, as a matter of substantive law, the embezzlement or misapplication of multiple sums of money on various occasions properly constitute separate and distinct offenses for which multiple punishments may be imposed. *United States v. Hale*, 468 F.2d 435 (5th Cir. 1972); *United States v. Martindale*, 146 F. 280 (D. Kan. 1903). Where the multiple offenses could have been addressed in the first trial, it may be appropriate to require the prosecuting authorities to join all charges growing out of the same acts or transaction so that the defendant will not be harassed by the necessity of repeated trials. *See Abbate v. United States*, 359 U.S. 187, 200 (1959); *State v. Gosselin*, 117 N.H. at 118, 370 A.2d at 268 (1977); Note, *Double Prosecution by State and Federal Governments: Another Exercise in Federalism*, 80 HARV. L. REV. 1538, 1562 (1967). In this case, however, there was no way to join the federal and State offenses in a single trial, as neither court could obtain jurisdiction over both sets of offenses. 18 U.S.C. § 3231.

At the time the defendant entered his plea to the federal information, he, his counsel, and the United States attorney all recognized that the acts alleged in the information were only one part of a larger scheme, and that he might face related charges on other parts of the set of transactions. Nevertheless, all of them were eager to have the federal charge resolved expeditiously, even before the full audit and investigation were completed. Under these circumstances, the defendant can hardly complain that he has been prejudiced by the fragmentation.

■ The defendant apparently feels that he has already been punished for the entire scheme because the federal court considered the additional allegations in sentencing him. Our legislature has deleted a statutory provision which previously afforded defendants an opportunity to have other crimes considered during sentencing in a manner that barred subsequent prosecution for those crimes. RSA 651:4 II (1974). The amended version of that section, effective July 25, 1975, eliminated that option. RSA 651:4 II (Supp. 1977); *see State v.*

*Dufield,* 119 N.H. 28, 31, 398 A.2d 818, 820 (1979) (prior statute). In federal practice, the sentencing judge may take into account the circumstances surrounding the offense charged, including indications of criminal conduct for which the defendant has not been tried or convicted. *See* Fed. R. Crim. P. 32(c)(2); *United States v. Bowdach,* 561 F.2d 1160, 1175 (5th Cir. 1977); *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 944 (2d Cir. 1976). That action does not, however, mean that the conduct can never be the basis for subsequent prosecution: .

> A sentencing judge's consideration of the biography of a convicted defendant does not confer transactional immunity for every possible misdeed which may have been revealed to the judge. The fact that a particular charge is pending in another court may make it inappropriate for the sentencing judge to inquire into that matter, but if he should attach some minimal significance to it, his exercise of the human faculty of judgment is not the constitutional equivalent of a formal judgment of the court forever barring a proceeding before another tribunal.

*United States v. Haygood,* 502 F.2d 166, 169 (7th Cir. 1974), *cert. denied,* 419 U.S. 1114 (1975). The State cannot be barred from prosecuting when a federal judge follows a procedure that has specifically been done away with under our State law.

We conclude that prosecution under the six State indictments relating to town funds which the defendant allegedly failed to deposit does not violate the double jeopardy provision of the New Hampshire Constitution.

With respect to the remaining two indictments charging the defendant with failure to maintain certain deposits, the superior court, upon motion of the defendant, may consider evidence relating to whether or not double jeopardy prohibits further prosecution.

*Remanded.*

DOUGLAS, J., concurred in the result; the others concurred.