827 F.2d 769
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carr JOHNSON, Petitioner-Appellant,
v.
Harry RUSSELL, Respondent-Appellee.
 No. 85-3719
 United States Court of Appeals, Sixth Circuit.
 August 24, 1987.
 
 On Appeal from the United States District Court for the Northern District of Ohio.
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Mr. Carr Johnson appeals the District Court's dismissal of his habeas corpus petition under 28 U.S.C. Sec. 2254. Mr. Johnson is currently serving two consecutive life sentences in Ohio for first degree murder and murder in perpetrating a robbery. Petitioner argues his incarceration violates constitutional prohibitions against double jeopardy and ex post facto laws. For the reasons stated below, we affirm the District Court's dismissal of Mr. Johnson's Sec. 2254 petition.
 
 
 2
 The constitutional prohibition on double jeopardy disallows multiple punishments for the same offense. Whalen v. United States, 445 U.S. 684 (1980). To determine whether the sentencing court in a state prosecution has run afoul of the double jeopardy prohibition, the appellate tribunal must look to state law to discern the intent of the legislature. Brown v. Ohio, 432 U.S. 161 (1977). The legislature may create substantive crimes and punishments that overlap to some degree without violating the Double Jeopardy Clause. Missouri v. Hunter, 459 U.S. 359 (1983).
 
 
 3
 Both this Circuit and the Ohio Supreme Court have rejected the claim that the statute under which petitioner was convicted violates double jeopardy. In State v. Ferguson, 175 Ohio St. 390, cert. denied, 377 U.S. 1002 (1964), the Ohio Supreme Court held that the offense of killing another in perpetrating a robbery and killing another with premeditated malice were distinct offenses of first degree murder which could be properly charged in separate counts of the indictment under Ohio Revised Code Ann. Sec. 2901.01. In Ferguson v. Caldwell, 452 F.2d 1011, 1012 (6th Cir. 1971), cert. denied, 409 U.S. 854 (1972), this Circuit followed the Ohio Supreme Court's lead and held that a two-count indictment under Sec. 2901.01 based upon the same killing did not violate double jeopardy since the legislature created distinct offenses within this section.
 
 
 4
 The Ferguson decision in our circuit was rendered in late 1971. Since there is no indication that legislative intent behind Sec. 2901.01 changed between that time and petitioner's trial in 1972, we refuse to revisit the rationale of the Ferguson cases. It is clear that murder with premeditated malice and murder in the course of a robbery are distinct offenses under Ohio law. Therefore, petitioner's double jeopardy argument is meritless.
 
 
 5
 Petitioner's claim that he is entitled to a parole hearing after ten years of incarceration is likewise meritless. Although capital punishment was abolished by the Ohio Supreme Court's decision in Vargas v. Metzger, 35 Ohio St. 2d 116 (1973), this same Court has held specifically with regard to Mr. Johnson that the classification of offenses as capital crimes still determines the parole eligibility requirements (notwithstanding the obvious misnomer). State, ex rel. Johnson v. Shoemaker, 6 Ohio St. 3d 215 (1983). Despite petitioner's claims to the contrary, it is unquestionable that the offense for which Mr. Johnson was convicted was a capital offense. See Shoemaker, 6 Ohio St. at 216. Therefore, no ex post facto law has been applied because he is not now, nor has he ever been eligible for parole under guidelines established for non-capital offenses.
 
 
 6
 Accordingly, the judgment of the District Court is affirmed.